**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EFREN NUÑEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| | ) | No.: 23-14292 |
| Plaintiffs, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, individually, and PETROS PAPADATOS, individually, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, Efren Nuñez Rivera and Pedro Infante, on behalf of themselves and all others similarly situated, known and unknown (the "Plaintiff Class"), complain against Defendants Plateia, Inc., d/b/a Plateia Mediterranean Kitchen Bar, Dimitri Douvlis, individually, and Petros Papadatos, individually (collectively, "Defendants") for their failure to pay overtime wages, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Cook County Minimum Wage Ordinance ("CCO"), Cook County, Ill. Municipal Code, § 42-11 *et seq.*, and in support thereof, state:

**NATURE OF THE CASE**

1.      This case is brought as a hybrid collective and class action, for certain claims arising under the FLSA, IMWL, and CCO based on Defendants' failure to pay Plaintiffs and the Plaintiff Class all overtime wages.

2.      Counts I is brought as a Collective Action under the FLSA for failure to pay overtime wage for all hours worked in excess of forty (40) in any given workweek. The applicable Opt-In consent forms are filed collectively as Exhibit A.

3.     Counts II is brought as Rule 23 Class Actions under the IMWL for failure to pay overtime wages for all hours worked in excess of forty (40) in any given workweek.

4.     Count IIII is brought as a Class Action under the CCO for failure to pay overtime wages for all hours worked in excess of forty (40) in any given workweek.

## INTRODUCTION

5.     This case involves violations of state and federal wage and hour laws by Defendants.

6.     Defendants engaged in wage theft, to wit, failing to pay Plaintiffs and the Plaintiff Class overtime wages.

7.     Plaintiffs and the Plaintiff Class all experienced unpaid wages in the form of not being paid time-and-one-half their respective hourly rates for hours worked over forty (40) each week.

8.     Plaintiffs and the Plaintiff Class all experienced unpaid wages in the form of not being paid time-and-one-half their respective hourly rates for hours worked over forty (40) each week.

9.     The Plaintiffs and the Plaintiff Class were all subject to Defendants' policy or practice of refusing to pay overtime wages to its non-exempt and non-tipped hourly employees.

10.     Plaintiffs and the Plaintiff Class were all subject to the same rules and policies enacted by Defendant Plateia, Inc., and enforced by Defendants Papadatos and Douvlis.

11.     Plaintiffs and the Plaintiff Class all worked for Defendant Plateia, Inc., and at all times relevant herein, reported to Defendants Papadatos and Douvlis regarding their day-to-day responsibilities, tasks and compensation.

12.     Defendants' actions were willful.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

14.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally) and 29 U.S.C. § 216(b) (FLSA).

## PARTIES

15.     Plaintiff Efren Nuñez Rivera ("Rivera") is a former employee of Defendants.

16.     Plaintiff Pedro Infante ("Infante") is a former employee of Defendants.

17.     At all times relevant, Rivera and Infante both worked for Defendants as Line Cooks.

18.     Defendant Plateia, Inc. ("Plateia") is an Illinois for-profit corporation, with its principal place of business in Glenview, Illinois, in Cook County, within this judicial district.

19.     Plateia does business as Plateia Mediterranean Kitchen Bar.

20.     Defendant Dimitri Douvlis ("Douvlis") is the Owner and Secretary of Plateia.

21.     Plateia is partially owned and operated by Douvlis.

22.     Defendant Petros Papadatos ("Papadatos") is the Owner and Secretary of Plateia.

23.     Plateia is also partially owned and operated by Papadatos.

24.     At all relevant times herein and in his capacity as part-owner and secretary, Douvlis oversaw the day-to-day operations of the company, had the ability to hire and fire personnel, and made significant personnel and financial decisions, including the payment of employees' wages.

25.     At all relevant times herein, Papadatos implemented and enforced the workplace policies and procedures amongst Plaintiffs and the Plaintiff Class

26.     Within the prior three (3) years, and at all times relevant herein, Rivera, Infante, and the Plaintiff Class they seek to represent were employed by Defendants as "employees," as defined by the FLSA, IMWL, and CCO. 29 U.S.C. § 203(e)(1); 820 ILCS §105/3; Cook County, Ill. Municipal Code, § 42-11 *et seq.*

27.     At all relevant times herein, Rivera, Infante, and the Plaintiff Class they seek to represent, were eligible for, and owed overtime pay compensation by virtue of their job title and duties, and did not fall into any exemptions to federal, state, or municipal overtime pay requirements.

28.     Rivera, Infante, and the Plaintiff Class are current and former non-tipped hourly employees who either currently work or worked for Defendants.

29.     At no point during their respective time working for Defendants did Rivera, Infante and the Plaintiff Class receive overtime pay.

**FACTS**

Rivera's Employment with Defendants

30.     Defendants hired Rivera as a line cook in approximately May 2019.

31.     As a line cook, Rivera was primarily responsible for preparing and cooking food items.

32.     Defendants offered to pay Rivera at a rate of $18.00 per hour and to work at least 40 hours per week. Rivera accepted those unambiguous terms of employment.

33.     Rivera's hours were typically 8:00 a.m. until 9:30 p.m., Monday through Thursday and 8:00 a.m. until 10:30 p.m., Friday through Sunday.

34.     As a non-exempt employee, Rivera was entitled to overtime pay at a rate of time-and-one-half his regular hourly rate for all hours worked over forty (40) in a work week.

35.     Upon information and belief, and according to the records currently in Rivera's possession, Rivera worked the following hours, during workweeks listed below, throughout his employment with Defendants:[1]

**2020**

- 9/28 - 10/1: 72.10 hours (32.1 hours of overtime);

- 10/5 - 10/11: 71.72 hours (31.72 hours of overtime);

---

[1] Rivera the reserves the right to amend/supplement this information as it becomes available.

- 10/12 - 10/18: 67.56 hours (27.56 hours of overtime);

- 10/19 - 10/25: 74.50 hours (34.50 hours of overtime);

- 10/26 - 11/1: 78.15 hours (38.15 hours of overtime);

- 11/2 - 11/8: 76.33 hours (36.33 hours of overtime);

- 11/16 - 11/22: 59.72 hours (19.72 hours of overtime);

- 11/23 - 11/29: 62.76 hours (22.76 hours of overtime);

- 11/30 - 12/6: 56.70 hours (16.70 hours of overtime);

- 12/7 - 12/13: 58.40 hours (18.40 hours of overtime);

- 12/14 - 12/20: 65.74 hours (25.74 hours of overtime);

- 12/21 - 12/27: 74.11 hours (34.11 hours of overtime);

- 12/28 - 1/3: 74.32 hours (34.32 hours of overtime);

**2021**

- 1/4 - 1/10: 69.56 hours (29.56 hours of overtime);

- 1/11 - 1/17: 69.97 hours (29.97 hours of overtime);

- 1/18 - 1/24: 68.53 hours (28.53 hours of overtime);

- 2/8 - 2/14: 67.02 hours (27.02 hours of overtime);

- 2/15 - 2/21: 66.95 hours (26.95 hours of overtime);

- 2/22 - 2/28: 68.85 hours (28.85 hours of overtime);

- 3/1 - 3/7: 69.95 hours (29.95 hours of overtime);

- 7/26 - 8/1: 74.99 hours (34.99 hours of overtime);

- 8/2 - 8/8: 82.47 hours (42.47 hours of overtime);

- 8/17 - 8/22: 76.43 hours (36.43 hours of overtime);

- 8/24 - 8/29: 69.36 hours (29.36 hours of overtime);

- 8/31 - 9/5: 78.49 hours (38.49 hours of overtime);

- 9/7 - 9/12: 61.39 hours (21.39 hours of overtime);

- 9/13-9/19: 76.16 hours (36.16 hours of overtime);

- 9/20 - 9/26: 74.25 hours (34.25 hours of overtime);

- 9/27 - 10/3: 74.30 hours (34.30 hours of overtime);

- 10/4 - 10/10: 73.44 hours (33.44 hours of overtime);

- 10/11 - 10/17: 75.22 hours (35.22 hours of overtime);

- 10/18 - 10/24: 74.85 hours (34.85 hours of overtime);

- 10/25 - 10/31: 75.56 hours (35.56 hours of overtime);

- 11/1 - 11/7: 73.99 hours (33.99 hours of overtime);

- 11/8 - 11/14: 73.87 hours (33.87 hours of overtime);

- 11/15 - 11/21: 61.14 hours (21.14 hours of overtime);

- 11/29 - 12/5: 69.25 hours (29.25 hours of overtime);

- 12/6 - 12/12: 73.63 hours (33.63 hours of overtime);

- 12/13 - 12/18: 52.50 hours (12.50 hours of overtime);

- 12/20 - 12/26: 66.41 hours (26.41 hours of overtime);

- 12/27 - 1/2: 65.30 hours (25.30 hours of overtime);

**2022**

- 1/3 - 1/9: 72.18 hours (32.18 hours of overtime);

- 1/10 - 1/16: 72.95 hours (32.95 hours of overtime);

- 1/24 - 1/30: 70.56 hours (30.56 hours of overtime);

- 1/31 - 2/6: 63.49 hours (23.49 hours of overtime);

- 2/7 - 2/13: 72.21 hours (32.21 hours of overtime);

- 2/14 - 2/20: 74.27 hours (34.27 hours of overtime);

- 2/21 - 2/27: 72.40 hours (32.40 hours of overtime);

- 2/28 - 3/6: 72.96 hours (32.96 hours of overtime);

- 3/7 - 3/13: 71.49 hours (31.49 hours of overtime);

- 3/14 - 3/20: 72.61 hours (32.61 hours of overtime);

- 3/21 - 3/27: 73.91 hours (33.91 hours of overtime);

- 3/28 - 4/3: 62.33 hours (22.33 hours of overtime);

- 4/4 - 4/10: 74.74 hours (34.74 hours of overtime);

- 4/11 - 4/17: 72.96 hours (32.96 hours of overtime);

- 4/18 - 4/24: 71.73 hours (31.73 hours of overtime);

- 4/25 - 5/1: 71.69 hours (31.69 hours of overtime);

- 5/2 - 5/8: 84.11 hours (44.11 hours of overtime);

- 5/16 - 5/22: 68.83 hours (28.83 hours of overtime);

- 5/23 - 5/29: 62.21 hours (22.21 hours of overtime);

- 6/2 - 6/15: 54.21 hours (14.21 hours of overtime);

- 6/6 - 6/12: 61.27 hours (21.27 hours of overtime);

- 6/13- 6/19: 80.90 hours (40.90 hours of overtime);

- 6/20 - 6/26: 76.16 hours (36.16 hours of overtime);

- 6/27 - 7/3: 67.40 hours (27.40 hours of overtime);

- 7/7 - 7/10: 53.45 hours (13.45 hours of overtime);

- 7/11 - 7/17: 63.84 hours (23.84 hours of overtime);

- 7/20 - 7/24: 66.55 hours (26.55 hours of overtime);

- 7/25 - 7/31: 60.21 hours (20.21 hours of overtime);

- 8/1 - 8/7: 65.62 hours (25.62 hours of overtime);

- 8/8 - 8/14: 66.53 hours (26.53 hours of overtime);

- 8/15 - 8/20: 64.04 hours (24.04 hours of overtime);

- 8/22 - 8/28: 76.73 hours (36.73 hours of overtime);

- 8/29 - 9/4: 76.56 hours (36.56 hours of overtime);

- 9/7 - 9/10: 40.36 hours (.36 hours of overtime);

- 9/19 - 9/25: 67.14 hours (27.14 hours of overtime);

- 9/26 - 10/2: 55.90 hours (15.90 hours of overtime);

- 10/3 - 10/9: 72.59 hours (32.59 hours of overtime);

- 10/10 - 10/16: 64.72 hours (24.72 hours of overtime);

- 10/17 - 10/23: 64.10 hours (24.10 hours of overtime);

- 10/24 - 10/29: 53.34 hours (13.34 hours of overtime);

- 11/7 - 11/13: 51.12 hours (11.12 hours of overtime);

- 11/14 - 11/20: 61.82 hours (21.82 hours of overtime);

- 11/21 - 11/27: 49.70 hours (9.70 hours of overtime);

- 11/28 - 12/4: 50.27 hours (10.27 hours of overtime);

- 12/5 - 12/11: 61.67 hours (21.67 hours of overtime);

- 12/12 - 12/18: 60.80 hours (20.80 hours of overtime);

- 12/19 - 12/24: 56.86 hours (16.86 hours of overtime);

- 12/26 - 12/31: 53.30 hours (13.30 hours of overtime);

**2023**

- 1/5 - 1/8: 53.88 hours (13.88 hours of overtime); and

- 1/9 - 1/15: 64.14 hours (24.14 hours of overtime).

<u>Infante's Employment with Defendants</u>

36.     On or about June 24, 2020, Defendants hired Infante as a line cook.

37.     As a line cook, Infante was primarily responsible for preparing and cooking food items.

38.     Defendants offered to initially pay Infante at a rate of $16.00 per hour, later increased to $19.00 per hour, and to work at least 40 hours per week. Infante accepted those unambiguous terms of employment.

39.     Infante's hours were typically 9:00 a.m. until 9.30 p.m./10:00 p.m., Monday through Sunday.

40.     As a non-exempt employee, Infante was entitled to overtime pay at a rate of time-and-one-half his regular hourly rate for all hours worked over forty (40) in a work week.

41.     Upon information and belief, and according to the records currently in Infante's possession, Infante worked the following hours, during workweeks listed below, throughout his employment with Defendants:

<u>2022</u>

- 5/9 - 5/15: 78.27 hours (38.27 hours of overtime);

- 6/6 - 6/12: 73.45 hours (33.45 hours of overtime);

- 6/20 - 6/26: 76.56 hours (36.56 hours of overtime);

- 8/22 - 8/28: 70.38 hours (30.38 hours of overtime);

- 11/7 - 11-13: 64.42 hours (24.42 hours of overtime);

- 12/5 - 12-11: 61.38 hours (21.38 hours of overtime);

- 12/19 - 12/24: 59.53 hours (19.53 hours of overtime);

- 12/26 - 12/31: 66.52 hours (26.52 hours of overtime);

**2023**

- 1/23 - 1/29: 72.70 hours (32.70 hours of overtime);

- 1/30 - 2/5: 73.61 hours (33.61 hours of overtime);

- 2/6 - 2/12: 73.59 hours (33.59 hours of overtime);

- 2/13 - 2/19: 82.02 hours (42.02 hours of overtime);

- 2/20 - 2/26: 71.02 hours (31.02 hours of overtime);

- 2/27 - 3/5: 72.65 hours (32.65 hours of overtime);

- 3/6 - 3/12: 59.94 hours (19.94 hours of overtime);

- 3/13 - 3/19: 59.18 hours (19.18 hours of overtime); and

- 4/3 - 4/9: 62.72 hours (22.72 hours of overtime).

<u>Defendants Fail to Pay Plaintiffs and the Plaintiff Class Overtime Wages</u>

42.      Defendants violated various federal, state, and municipal laws in failing to pay Plaintiff and the Plaintiff Class time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

43.      Plaintiffs and the Plaintiff Class consists of non-tipped hourly workers, who received the non-tipped minimum wage, and include line cooks, busboys, food runners, and dish washers.

44.      Plaintiffs and the Plaintiff Class regularly worked in excess of forty (40) hours in a workweek.

45.      Plaintiffs and the Plaintiff Class were eligible for, and owed overtime pay compensation by virtue of their job titles and duties, and did not fall into any exemptions to federal, state, or local federal overtime pay requirements.

46.    At all relevant times herein, Defendants required their employees, including Plaintiffs and the Plaintiff Class, to clock in and out using an electronic timeclock which recorded their hours worked.

47.    Despite Plaintiffs and the Plaintiff Class recording their hours worked accurately vis a vis Defendants' electronic timekeeping system, Defendants maintained a policy of paying all non-tipped, hourly employees, including Plaintiffs and the Plaintiff Class straight time for all hours worked. In practice, employees such as Plaintiffs and the Plaintiff Class were paid for the first forty (40) weekly hours by check "on-the-books," and subject to deductions and withholding.

48.    Separately, Defendants issued Plaintiffs and the Plaintiff Class a cash payment, for all hours worked in excess of forty (40), and for which they were paid straight time or their regular hourly rate.

49.    Due to Defendants' policy, the hours reflected on Plaintiffs and the Plaintiffs' Class paystubs only depicted the first forty (40) weekly hours worked as they received cash for all hours worked in excess of forty (40).

50.    Defendants' actions were intentional and willful, as evidenced in part because they had Plaintiffs and the Plaintiff Class record accurate hours worked yet paid them "under the table" (i.e., in cash and without records) and paid taxes only on hours worked up to forty (40) per week.

51.    Despite their status as non-exempt and non-tipped hourly employees, Defendants failed to pay Rivera and Infante time-and-one-half their regular hourly rate for each hour worked over forty (40) for each workweek enumerated in ¶¶ 33 and 39, respectively.

52.    Instead, Rivera received straight-time pay for all hours worked each workweek, including all hours worked over forty (40).

53. Accordingly, as depicted in the workweeks listed in ¶¶ 33 and 39, Defendants violated the FLSA, IMWL, and CCO by failing to pay Plaintiffs time-and-one-half their regular hourly rates for all hours worked over forty (40) in each workweek, as defined under the FLSA, IMWL, and CCO.

**COLLECTIVE AND CLASS ALLEGATIONS**

54. Plaintiffs and the Plaintiff Class seek to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23, on behalf of themselves and all other nonexempt employees who were not fully compensated time-and-one-half their regular hourly rate for all hours worked over forty (40).

55. The foregoing allegations related to unpaid overtime hours worked were applicable to all employees working for Plateia, to wit, the Plaintiff Class.

56. Plateia employed approximately 4 -5 dishwashers, 2 food runners, 4 - 5 bus persons, and 8–10 line cooks, all of whom were non-exempt, non-tipped hourly employees affected by Defendants' policy and practice of not paying overtime wages.

57. Upon information and belief, during Plaintiffs' employment, Plateia typically employed between 20-22 non-tipped hourly employees, all of whom received the non-tipped minimum wage.

58. Upon information and belief, Defendants experienced regular employee turnover amongst the workers described in ¶¶ 56-57 such that the potential collective or class of employees affected by Defendants' unlawful pay practices is greater than 20-22 individuals.

59. Plaintiffs and the asserted members of the Collective and Class , are similarly situated because they regularly worked in excess of forty (40) hours per week, for which they were not paid time-and-one-half their hourly rate.

60. Plaintiffs, and the asserted members of the Collective and Class are similarly situated because, *inter alia*, they regularly and consistently worked more than forty (40) hours in a workweek

and were not paid time-and-one-half their hourly rate for all hours worked over forty (40) in a workweek, and had such rights undermined and neglected by Defendants' unlawful practices and policies.

61.     Defendants have known that Plaintiffs and other members of the Class and Collective have been deprived of their earned overtime wages. Nonetheless, Defendants have operated under a scheme to deny Plaintiffs, the Class and Collective the requisite compensation for all overtime hours worked.

62.     With the number of class members impacted by Defendants' unlawful practices, a class action is the proper procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

63.     The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of unpaid overtime hours and all other similarly situated employees' pay, and the compensation actually paid, or not paid, to such employees. Plaintiff requests that the Court order the Defendants to voluntarily produce all records related to any potential class member without the necessity of a formal request.

64.     Plaintiffs will fairly and adequately protect the interests of each proposed class member because of their common interests with the other Class Members, and they have retained counsel with extensive experience in class actions and employment litigation in multiple districts, the current district included.

65.     Plaintiffs have no interests that are contrary to, or in conflict with, members of the class that would render them unfit to serve as class representatives.

**COUNT I**
**FLSA – FAILURE TO PAY OVERTIME**
**COLLECTIVE ACTION**
**AGAINST DEFENDANTS**

13

66.     Paragraphs 1-65 are incorporated by reference herein.

67.     This Count arises from Defendants' violation of the FLSA for failure its failure to pay Plaintiffs, and the Plaintiff Class at least time-and-one-half their rate for all hours worked over 40 in a workweek.

68.     The FLSA requires that employers pay all non-exempt employees one-and-a-half times their regular hourly rate of pay for each hour worked in excess of 40 in any given workweek. 29 U.S.C. § 207.

69.     Plaintiffs and the Plaintiff Class are non-exempt, non-tipped hourly employees as defined by the FLSA.

70.     Plaintiffs and the Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Defendants failed to pay all non-exempt, non-tipped minimum wage hourly employees at least time-and-one half their regular hourly rate of pay for each hour worked in excess of 40 in a given workweek.

71.     These non-payments resulted in Plaintiffs and the Plaintiff Class not being paid at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek.

72.     Individual corporate officers or owners may be held liable for FLSA violations where they possess operational control. *Solis v. Int'l Detective & Protective Service, Ltd.*, 819 F. Supp. 2d 740, 748 (N.D. Ill. 2011) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991)).

73.     Douvlis and Papadatos possessed and exercised the following authority as it relates to Plateia:

        a.      The power to hire and fire employees;

        b.      Supervisory authority over employees, including control over their work schedules and conditions of employment;

        c.      Determining employees' methods and rates of pay; and

14

        d.      Maintenance of employees' records.

74.      Pursuant to 29 U.S.C. § 216(b), this action may be maintained by any plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiffs attach as Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

75.      All past and present hourly non-exempt and non-tipped hourly employees who have worked for Defendants during the previous 3 years are similarly situated to Plaintiffs.

76.      Defendants applied their compensation policies, which violate the FLSA, on a company-wide basis, including towards Plaintiffs and the Plaintiff Class.

77.      Plaintiffs and the Plaintiff Class were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and neither any of the named Plaintiffs nor any other member of the Plaintiff Class has received at least time-and-one-half their regular hourly rate for all hours worked in excess of 40 in any given workweek.

78.      Defendants' failure to pay each Plaintiffs and the Plaintiff Class time-and-one-half their regular hourly rate for all hours worked in excess of 40 in any given workweek is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether her actions complied with the FLSA.

79.      Plaintiffs' experiences are typical of the experiences of the putative class members.

80.      For all members of the putative class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

81.      The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

82.    As a result of the non-payments, Plaintiffs and the Plaintiff Class suffered damages in the form of unpaid overtime wages.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.    Determining that this action may be maintained as a collective action pursuant to the FLSA;

B.    Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

C.    Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to the FLSA;

D.    Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

E.    Awarding reasonable attorneys' fees and costs incurred in filing this action;

F.    Entering an injunction precluding Defendants from violating the FLSA; and

G.    Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II
## IMWL – UNPAID OVERTIME
## CLASS ACTION
## AGAINST DEFENDANTS

83.    Paragraphs 1-65 are incorporated by reference herein.

84.    This Count arises from Defendants' violation of IMWL, for Defendants' failure to compensate Plaintiffs and the Plaintiff Class at a rate of at least time-and-one-half their regular hourly rates for all hours worked over 40 in a work week.

85.    The IMWL requires an employer to pay its covered, non-exempt employees one and one-half times their regularly hourly rate for each hour worked in excess of 40 in a workweek. 820 ILCS 105/3(c), (d).

86.     Plaintiffs and the Plaintiff Class are non-exempt non-tipped hourly employees as defined by the IMWL.

87.     For the periods outlined herein, Defendants violated the IMWL by failing to pay Plaintiffs and the Plaintiff Class at a rate of at least time-and-one-half their regular hourly rates for all hours worked over 40 in a work week.

88.     Douvlis and Papadatos possessed and exercised the following authority as it relates to Plateia:

      a.    The power to hire and fire employees;

      b.    Supervisory authority over employees, including control over their work schedules and conditions of employment;

      c.    Determining employees' methods and rates of pay; and

      d.    Maintenance of employees' records.

89.     This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Defendant have employed in excess of twenty-five (25) persons who have been subject to Defendants' common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

90.     Plaintiffs and the Plaintiff Class have been equally affected by Defendants' failure to pay at least time-and-one-half their regular hourly rates for all hours worked over 40 in a workweek.

91.     Plaintiffs and the Plaintiff Class are similarly situated individuals in that Defendants failed to pay Plaintiffs and the Plaintiff Class at least time-and-one-half their regular hourly rates for all hours worked in excess of 40 in any given workweek.

92.     These non-payments resulted in Plaintiffs and the Plaintiff Class receiving less than time-and-one-half their regular hourly rates for all hours worked over 40 in a workweek.

93.     The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Plaintiff Class.

94.     Plaintiffs, the Plaintiff Class, and Defendants have a commonality of interest in the subject matter and remedy sought.

95.     The Plaintiff Class members who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

96.     Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

97.     Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

98.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Plaintiff Class is entitled.

99.     As a result of the failure to pay overtime at a rate of time-and-one-half their regular hourly rate, Plaintiffs and the Plaintiff Class suffered damages in the form of unpaid overtime wages.

### PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.      Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B.      Appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

C.      Statutory damages for overtime wage violations pursuant to the 2% interest penalties for IMWL violations that occurred prior to January 1, 2020, as is mandatory under the IMWL (820 Ill. Comp. Stat. 105/12(a));

D.      Statutory damages for overtime wage violations pursuant to the 5% interest penalties for IMWL violations that occurred on or after January 1, 2020 and treble damages (820 Ill. Comp. Stat. 105/12(a));

E.      Entering an injunction precluding Defendants from violating the IMWL;

F.      Awarding reasonable attorneys' fees and costs incurred in filing this action; and

G.      Ordering such other and further relief as the Court deems appropriate and just.

## COUNT III
## CCO – UNPAID OVERTIME
## CLASS ACTION
## AGAINST DEFENDANTS

100.    Paragraphs 1-65 are incorporated by reference herein.

101.    This Count arises from Defendants' violation of the CCO, based on its failure to compensate Plaintiffs and the Plaintiff Class at a rate of at least time-and-one-half their regular hourly rates for all hours worked over 40 in a workweek.

102.    The CCO requires employers to pay their covered, non-exempt employees one-and-one-half times their regularly hourly rate for each hour worked in excess of 40 in a workweek. Cook County, Ill. Municipal Code, § 42-15.

103.    Plaintiffs and the Plaintiff Class are non-exempt non-tipped hourly employees as defined by the IMWL.

104.    For the periods outlined herein, Defendants violated the CCO by failing to pay Plaintiffs and the Plaintiff Class at a rate of at least time-and-one-half their regular hourly rates for all hours worked over 40 in a work week.

105.    Douvlis and Papadatos possessed and exercised the following authority as it relates to Plateia:

    a.    The power to hire and fire employees;

    b.    Supervisory authority over employees, including control over their work schedules and conditions of employment;

    c.    Determining employees' methods and rates of pay; and

    d.    Maintenance of employees' records.

106.    This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Defendants have employed in excess of 20 persons who have been subject to Defendants' common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

107.    Plaintiffs and the Plaintiff Class have been equally affected by Defendants' failure to properly pay at least time-and-one-half their regular hourly rates for all hours worked over 40 in a workweek.

108.    Plaintiffs and the Plaintiff Class are similarly situated individuals in that Defendants failed to pay Plaintiffs and the Plaintiff Class at least time-and-one-half their regular hourly rates for all hours worked over 40 in a workweek.

109.    These non-payments resulted in Plaintiffs and the Plaintiff Class receiving less than time-and-one-half their regular hourly rates for all hours worked over 40 in a work week.

110.    The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Plaintiff Class.

111.    Plaintiffs, and the Plaintiff Class have a commonality of interest in the subject matter and remedy sought.

112.    Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

113.    Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

114.    If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Plaintiff Class is entitled.

115.    As a result of the failure to pay overtime at a rate of one and a half times the regular rate, Plaintiffs, and the Plaintiff Class suffered damages in the form of unpaid overtime wages.

## PRAYER FOR RELIEF AS TO COUNT III

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A.    Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B.    Appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

C.    Damages in the form of unpaid overtime wages pursuant to the CCO;

D.    Statutory treble damages for unpaid overtime wages pursuant to the CCO. Cook County, Ill. Municipal Code, § 42-23;

E.    Entering an injunction precluding Defendant from violating the CCO;

F.    Awarding reasonable attorneys' fees and costs incurred in filing this action; and

G.      Ordering such other and further relief as the Court deems appropriate and just.

## **<u>JURY DEMAND</u>**

Plaintiffs hereby demand a trial by jury as to all claims.

Respectfully submitted,

s/ *Max P. Barack*
One of Plaintiffs' Attorneys

The Garfinkel Group, LLC
701 N. Milwaukee Avenue, The CIVITAS
Chicago, IL 60642
Max Barack (IARDC No. 6312302)
max@garfinkelgroup.com
Andrew Fullett (IARDC No. 6328490)
andrew@garfinkelgroup.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| EFREN NUÑEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. Jury Trial Demanded |
| v. | ) ) | |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, individually, and PETROS PAPADATOS, individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>NOTICE OF OPT-IN CONSENT</u>

I, Efren Nuñez Rivera, hereby submit this written consent to become an opt-in collective-action member under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*, ("FLSA") in the above-captioned action. I represent to this Honorable Court that I was employed as a clerk or team member by Defendants Plateia, Inc., d/b/a Mediterranean Kitchen Bar, Dimitri Douvlis, individually, and Petros Papadatos, individually, within the three (3) years preceding the filing of the above-captioned lawsuit. I believe that I am entitled to additional wages for unpaid or underpaid hours that I worked in excess of forty (40) hours per week. I authorize, through this Consent and the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

**Full Name: Efren Nuñez Rivera**

**Signature:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| EFREN NUÑEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. |
| v. | ) ) ) | Jury Trial Demanded |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, individually, and PETROS PAPADATOS, individually | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>NOTICE OF OPT-IN CONSENT</u>

I, Pedro Infante, hereby submit this written consent to become an opt-in collective-action member under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*, ("FLSA") in the above-captioned action. I represent to this Honorable Court that I was employed as a clerk or team member by Defendants Plateia, Inc., d/b/a Mediterranean Kitchen Bar, Dimitri Douvlis, individually, and Petros Papadatos, individually, within the three (3) years preceding the filing of the above-captioned lawsuit. I believe that I am entitled to additional wages for unpaid or underpaid hours that I worked in excess of forty (40) hours per week. I authorize, through this Consent and the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

**Full Name: Pedro Infante**

**Signature:** *Pedro Infante*

Pedro Infante (Sep 29, 2023 09:51 CDT)