**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| EFREN NUNEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) ) |  |
|  | ) | Case No. 23-14292 |
|  | ) |  |
| Plaintiffs, | ) | Hon. Elaine E. Bucklo |
|  | ) |  |
| v. | ) | Hon. Young B. Kim |
|  | ) |  |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, Individually, and PETROS PAPADATOS, Individually, | ) ) ) ) | Jury Trial Demanded |
|  | ) |  |
| Defendants. | ) |  |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF RULE 26(a) DISCLOSURES**

Plaintiffs, Efren Nuñez Rivera and Pedro Infante, on behalf of themselves and all others similarly situated, respectfully move this Court to compel the production of Defendants' Rule 26(a) initial disclosures, pursuant to Federal Rules of Civil Procedure 26(a) and 37(a)(3)(A), and Northern District of Illinois Local Rule 37.2. In support of this Motion, Plaintiffs state as follows:

**RELEVANT PROCEDURAL HISTORY & FACTS**

This case arises from Defendants' failure to pay overtime wages for all hours worked over forty (40) in a workweek, in violation of the Fair Labor Standards Act and state wage laws. (Dkt. #1, ¶¶ 1-2, 57). Plaintiffs initiated this action on September 29, 2023. (Dkt. #1). A Rule 26(f) conference was conducted on January 16, 2024, and the parties filed their Rule 26(f) report that same day. (Dkt. #10). The parties agreed that Rule 26(a)(1) disclosures would be exchanged by January 30, 2024. (*Id.* at p. 2).

Plaintiffs timely produced their Rule 26(a) disclosures. However, Defendants failed to do so. Subsequently, the case was stayed pending settlement discussions (Dkt. ##14-15), but those

discussions failed. Upon lifting the stay on August 22, 2024, the Court ordered Defendants to produce their Rule 26(a) disclosures by August 24, 2024. (Dkt. #19).

To date, Defendants have not complied with the Court's Order. Despite Plaintiff's attempts to meet and confer in accordance with Local Rule 37.2, Defendants have not responded, nor have they produced their required disclosures.

## STANDARD OF LAW

Federal Rule of Civil Procedure 26(a) requires parties to exchange initial disclosures early in the litigation process. See Fed. R. Civ. P. 26(a)(1)(C). Rule 37(a)(3)(A) allows a party to move to compel such disclosures when the opposing party fails to comply. See Fed. R. Civ. P. 37(a)(3)(A). In the Northern District of Illinois, Local Rule 37.2 requires parties to attempt to resolve discovery disputes through good faith discussions before bringing them to the Court's attention.

While Rule 37.2 mandates an attempt to resolve disputes, it does not allow one party to indefinitely delay resolution by failing to engage in good faith discussions. See *Boyd v. Lazer Spot, Inc.*, 2022 WL 2865881, at *1 (N.D. Ill. July 6, 2022). Plaintiffs have made reasonable efforts to resolve this dispute without Court intervention, to no avail.

## ARGUMENT

Defendants have failed to comply with their Rule 26(a) obligations, which were initially due on January 30, 2024, and then explicitly ordered by this Court to be produced by August 24, 2024. Despite the Court's Order, Plaintiffs' follow-up emails, and Defendants' obligations under the Federal Rules, no disclosures have been made.

Plaintiffs made multiple attempts to meet and confer as required by Local Rule 37.2, but Defendants have simply failed to respond. Given the significant delay—now over 24 days—Defendants' conduct not only violates Rule 26(a) but also the Court's August 22, 2024, Order.

As this Court has recognized, the meet-and-confer process is not meant to be a tool to delay discovery indefinitely. *Boyd*, 2022 WL 2865881, at 1. Defendants' failure to engage in this process or comply with their discovery obligations necessitates Court intervention.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Compel Defendants to produce their Rule 26(a) disclosures and any accompanying documents within seven (7) days;

2. 2Award Plaintiffs attorneys' fees and costs incurred in bringing this Motion due to Defendants' willful non-compliance; and

3. Grant such further relief as this Court deems just and proper.

Respectfully submitted on September 17, 2024

/s/     *Max Barack*
One of the Plaintiffs' Attorneys

CERTIFICATE OF SERVICE

I, Max Barack, hereby certify that on September 17, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/      Max Barack
One of the Plaintiffs' Attorneys

**Service List:**
HR Law Counsel
729 South Webster Street
Suite 350C
Naperville, Illinois, 60540
Ethan G. Zelizer
ethan@hrcounsel.com