IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EFREN NUNEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) |
| | ) Case No. 23-cv-14292 |
| Plaintiffs, | ) ) Hon. Elaine E. Bucklo |
| v. | ) ) Hon. Young B. Kim |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, Individually, and PETROS PAPADATOS, Individually, | ) Jury Trial Demanded ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT,
CIVIL CONTEMPT, SANCTIONS FOR FAILURE TO COMPLY WITH COURT
ORDERS, AND TO COMPEL DISCOVERY RESPONSES**

### I. INTRODUCTION

Since the onset of this lawsuit, Defendants have failed to participate in the litigation process. Their steadfast refusal has led them to repeatedly defy this Court's orders. Concurrently, Defendants repeatedly failed to comply with the Federal Rules of Civil Procedure ("FRCP"), violated several court-imposed deadlines, and simply have not responded to multiple motions and sets of discovery obligations.

Plaintiffs bring this motion aware of the exceedingly high bar for this Court to grant the extraordinary relief of a default judgement. Nonetheless, the Seventh Circuit has ruled in a litany matters similar to this one, that where Defendants are consistently non-compliant with pleading requirements, discovery obligations, and court orders, that an entry of default is warranted.

This case arises from Defendants' failure to pay overtime wages for all hours worked over forty (40) in a workweek, in violation of the Fair Labor Standards Act and related state wage laws.

1

ECF No. 1, ¶¶ 1-2, 57. Plaintiffs filed the instant lawsuit in September 2023. ECF No. 1. Subsequently, Defendants have:

a) failed to answer the Complaint (and despite receiving an extension (their answer is now going on 12 months' delinquent);

b) failed to meet a single agreed-upon Court-ordered discovery deadline;

c) failed to disclose even the basic disclosures under FRCP 26(a) in violation of not only the rule itself, but of multiple of this Court's orders, including one issued as a direct result of Plaintiffs' motion to compel);

d) refused respond to two separate motions in contravention of two sets of court-imposed briefing deadlines (Plaintiffs' Motion to Compel FRCP 26(a) Disclosures (ECF No. 24) and Plaintiffs' Motion for Conditional Certification (ECF No. 20)); and

e) refused to provide any responsive discovery.

In addition to Plaintiff's requested relief of an order of default, Plaintiffs request this Court to issue an order finding Defendants in civil contempt for failing to comply with three Court orders requiring the production of their FRCP 26(a) disclosures. Plaintiffs also seek sanctions under FRCP 37(c) for Defendants' repeated failure to produce their FRCP 26(a) disclosures. The violations above also warrant that Plaintiff should be awarded its full measure of fees and costs for bringing and litigating this action. Finally, this Court should compel Defendants to produce their Answers to Interrogatories and Responses to Requests for Production within seven days.

## II. FACTS & RELEVANT PROCEDURAL HISTORY

### a. Defendants' First Violation of This Court's Orders and FRCP 55

Defendants first violated an order of this Court and FRCP 55 after Plaintiffs initiated this action on September 29, 2023. ECF No. 1. On October 13, 2023, Defendants waived service of summons, and the Court set November 28, 2023, as their deadline to answer. ECF No. 5. Defendants'

2

counsel filed appearances on November 28, 2023, and the same day, Defendants filed an unopposed motion for an extension to answer. ECF Nos. 6-7. The Court granted the motion, extending the deadline to December 19, 2023. ECF No. 8. Notwithstanding the extension granted by this Court, in violation of the Court's orders and FRCP 55, Defendants failed to answer or otherwise plead.

### b. Defendants' Second Violation of This Court's Orders and FRCP 26(a)

Next, Defendants violated this Court's order requiring their compliance with FRCP 26(a). On January 23, 2024, the Court ordered the adoption of the parties' discovery plan pursuant to FRCP 26(f). The Court's order required compliance with the parties' disclosure requirements under FRCP 26(a) by January 30, 2024. ECF No. 11. Plaintiffs complied and timely produced their disclosures. Defendants did not (and have not at the time of the filing of the instant motion). Hence, their second violation of one of this Court's orders.

### c. Defendants' Third Violation of This Court's Orders and FRCP 26(a)

Bewilderingly, for the third time, Defendants insisted on violating this Court's orders. This case was temporarily stayed on June 10, 2024. ECF Nos. 14-15. On August 22, 2024, after lifting the stay the Court again ordered Defendants to produce their FRCP 26(a) disclosures, now August 24, 2024. ECF No. 19. After Defendants violated the second order requiring their production of their FRCP 26(a) disclosures (ECF No. 24), Plaintiffs issued multiple requests to address Defendant's deficient discovery pursuant to FRCP 37 and NDIL Local Rule 37.2, issuing communications pursuant to both rules. Ex. 1.. These emails were ignored and forced Plaintiffs to move to compel their production on September 17, 2024. ECF No. 24.

### d. Defendants' Did Not Even Bother to Respond to the Briefing Schedule Set by This Court

After Plaintiff's filed their Motion to Compel, this Court set a briefing schedule requiring Defendants' response by October 8, 2024. ECF No. 28. Defendants continued their pattern of refusing to participate in this litigation and failed to file a responsive brief. ECF No. 29.

e. **Defendants' Fourth Violation of This Court's Orders and FRCP 26(a).**

On October 15, 2024, the Court granted Plaintiffs' motion and ordered Defendants to produce the disclosures by October 22, 2024. *Id.* Yet again, Defendants demonstrated their utter contempt for this Court's authority and failed to comply with this order, and as noted above, as of the date of this filing, despite numerous Court orders they flat out refuse to comply.

f. **Defendants' Failure to Comply with Discovery in Violation of FRCP 33 & 34.**

Defendants next proceeded to violate FRCP 33 and 34. On August 22, 2024, Plaintiffs issued interrogatories and requests for production to Defendants. Exs. 2-5. Pursuant to FRCP 33 and 34, responses were due by September 23, 2024. In what this Court may now see is a continuing pattern, Defendants failed to respond. On September 27, 2024, Plaintiffs' Counsel sent a letter to Defendants under FRCP 33, 34, and 37, and NDIL Local Rule37.2, requesting the delinquent discovery responses. Ex. 6. Plaintiffs received no response. Accordingly, in an attempt to exhaust all efforts before bringing this matter to the Court's attention, Plaintiffs sent a follow-up letter on October 7, 2024.

Finally, Defendants responded with a request for a meet-and-confer call. This call took place on October 11, 2024. During the call, Plaintiffs' Counsel reminded Defendants of their delinquent FRCP 26(a) disclosures and requested discovery responses. Defendants suggested the possibility of mediation but notably failed to provide a timeline for their delinquent discovery responses. However, they did assure undersigned counsel that they would to produce their FRCP 26(a) disclosures by that weekend. They failed to do so. A mediation was held on November 22, 2024, but given Defendants history of refusing to take this matter seriously by even defending it or following this Court's orders, unsurprisingly, the mediation was unsuccessful.

III. **STANDARDS OF LAW AND ARGUMENT**

Defendants' persistent refusal to participate in their own defense, including through the discovery process, is adequate grounds for the entry of an order of default and the other relief

4

requested herein. This is particularly relevant in the instant matter as Defendants have demonstrated a pattern of willful, bad faith, and contumacious conduct. In *Domanus v. Lewicki,* 742 F.3d 290, 300 (7th Cir. 2014), Defendants displayed a similar pattern. The Seventh Circuit stated, "[t]his drumbeat of discovery abuse led the district judge to default the defendants." *Id.* at 300. As the court stated, "[W]e weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit." *Id.* at 301, *citing* e360 *Insight, Inc. v. Spamhaus Project,* 658 F.3d 637, 643 (7th Cir. 2011).

Furthermore, while Courts often seek to impose intermediate sanctions prior to entry of an order of default, they need not do so in situations such as this. *Profile Gear Corp. v. Foundry Allied Indus., Inc.,* 937 F.2d 351, 353–54 (7th Cir. 1991).

> A district court need not impose any lesser sanctions prior to entering the sanction of default judgment. *See, e.g., Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir.1987) ("A district court is not required to fire a warning shot" prior to issuing a default judgment as a sanction). And even absent a finding of dishonesty, we have affirmed numerous default judgments due to dilatory tactics. *See, e.g., Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223–24 (7th Cir.1991); *Anderson v. United Parcel Service*, 915 F.2d 313, 314–15 (7th Cir.1990); *Patterson v. Coca–Cola Bottling Co.*, 852 F.2d 280, 284–85 (7th Cir.1988).

*Id.*

Plaintiff's turn now to address *seriatim*. the appropriate standard and arguments for each of the bases of relief requested for Defendants' refusal to participate in this litigation.

### a. Default Judgment Should be Entered for Failing to Answer a Complaint under FRCP 55(b)

#### i. Legal Standard

Pursuant to FRCP 12, A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time. Fed. R. Civ. P. 12(a)(1)(C). Pursuant to FRCP 55(b), when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, a court may

5

enter judgment on a default. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 947–48 (7th Cir. 2020) (citing Fed. R. Civ. P. 55(b)). FRCP 55 provides, further:

> . . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

*Id.* "The grant or denial of a motion for the entry of a default judgment lies within the sound discretion of the trial court." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1322 (7th Cir.1983). The grant of default judgment is appropriate where defendants fail to timely answer and offer no "justifiable excuse for their conduct." *Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 252 (7th Cir.1990); *Arnold v. Boatmen's Nat. Bank of Belleville,* No. 95–2223, *slip op.* at 1, 1996 WL 359778 (7th Cir. June 25, 1996) (stating that a court has discretion to enter default judgment absent excusable neglect for the untimely answer) (internal citation omitted).

### ii. Argument

Defendants' failure to timely answer or otherwise plead in this case justifies the entry of default judgment under FRCP 55. This Court ordered Defendants to answer on or by December 19, 2023. ECF No. 8. FRCP 55(b) authorizes the court to enter default judgment when a party fails to plead or defend in the case, and this failure is shown by affidavit or otherwise. Defendants were granted an extension to answer the Complaint but failed to file respond or otherwise answer in almost a year since the entry of this order. They did so, despite the Plaintiffs agreeing to and this Court granting Defendants additional time to answer. This Court's order was not ambiguous and Court gave explicit

6

deadlines to answer. Nonetheless, Defendants failed to answer the Complaint on or by December 19, 2023, made no effort to get additional time to answer, and have provided no justifiable excuse for their failure to comply. FRCP 55 permits the entry of default judgment when there is no valid excuse for a defendant's failure to respond. *See Arwa Chiropractic, P.C.* 961 F.3d at 947–48. Therefore, Plaintiffs request that the Court enter default judgment against Defendants and proceed to determining the damages in accordance with FRCP 55(b)(2).

### b. Default Judgment Should be Entered for Failing For Failing to Obey a Discovery Order and Committing Civil Contempt

#### i. Legal Standard

FRCP Rule 37 authorizes courts to issue a default judgment against a party who fails to obey a discovery order. *Domanus*, 288 F.R.D. at 419, *aff'd*, 742 F.3d 290 (7th Cir. 2014) (citing Fed.R.Civ.P. 37(b)(2)(B)(vi)). "Although a default judgment is indeed considered "draconian," *Maynard v. Nygren,* 332 F.3d 462, 468 (7th Cir.2003), it is warranted "when there is a clear record of delay or contumacious conduct, or when other, less drastic sanctions have proven unavailing." *Domanus*, 288 F.R.D. at 419 (*quoting Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–45 (1991)).

To prevail on a motion for contempt, the moving party must establish, by clear and convincing evidence, that: (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010); *Ferrell v. Pierce,* 785 F.2d 1372, 1378 (7th Cir.1986) (quoting *H.K. Porter Co. v. Nat'l Friction Prods.,* 568 F.2d 24, 27 (7th Cir.1977)). Once a *prima facie* case has been shown, the burden shifts to the respondents to come forward with evidence showing explicitly why they were unable to comply with the Court's Orders. *See United States v. Rylander*, 460 U.S. 752, 755, 757 (1983) *reh. denied*, 462 U.S. 1112 (1983); *Chicago Truck Drivers v. Brotherhood Labor Leasing,* 207 F.3d 500, 505 (8th Cir. 2000).

7

However, if the respondents are responsible for their inability to comply, such a defense is unavailable. *United States v. Bryan*, 339 U.S. 323, 330-32 (1950); *U.S. v. Seetapun*, 750 F.2d 601, 605 (7th Cir. Ill. 1984). Even the presence of good faith on the part of a respondent does not constitute a defense. *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). If the meaning of the order is clear, the issue is whether it has been violated. *Abbott Laboratories v. Apotex, Inc.*, 455 F.Supp. 831, 833 (N.D.Ill. 2006) *citing McComb*, 336 U.S. at 191; *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1353 (Fed. Cir. 1998).

### ii. Argument

Defendants' repeated failure to comply with discovery orders and provide required disclosures not only justifies the entry of default judgment under Rule 37, but also supports a finding of civil contempt.

Rule 37(b)(2)(B)(vi) allows a court to issue a default judgment against a party who fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(B)(vi). This sanction is appropriate in the Seventh Circuit when there is a clear record of delay or contumacious conduct. *See Domanus*, 288 F.R.D. at 419. Despite three court orders issued in January, August, and October 2024 directing Defendants to produce their FRCP 26(a) disclosures and respond to Plaintiffs' discovery requests, Defendants have failed to comply ECF Nos. 11, 19, 28. This continued refusal to comply with discovery including the failure to produce required disclosures even after Plaintiffs' motion to compel was granted, demonstrates willful disregard for the Court's authority and a pattern of delay.

As in *Domanus* where the court imposed a default judgment due to repeated noncompliance with discovery orders, the same sanction is warranted here. Defendants' conduct has obstructed the litigation, prevented Plaintiffs from advancing their claims beyond the pleading stage, and Defendants have ignored three court orders, including one issued in response to a motion to compel. Given the

continuing nature of Defendants' misconduct and their failure to remedy the situation, this Court should grant default judgment pursuant to Rule 37.

Similarly, based on the facts as set forth above, this Court should grant Plaintiffs' Motion for Contempt. Defendants willfully violated this Court's clear and unambiguous orders to produce FRCP 26(a) disclosures on three separate occasions. ECF Nos. 11, 19, 28. Judge Shah recently granted such a contempt motion where the defendants failed repeatedly to follow the court's orders. *Nevarez v. High Heels Dancing Co., et al.*, 1:24-cv-2447 (N.D. Ill. 2024) (ECF No. 55) ("Plaintiffs' motion for entry of default as a sanction for civil contempt and under Rule 37(e) is granted. The court enters an order of default against defendants, establishing defendants' liability for all claims in plaintiffs' amended complaint . . . . Defendants' track record of noncompliance with court orders leaves no room for any inference other than willful disobedience."). Defendants' refusal to participate in discovery is compounded by their failures to answer the complaint, failure to respond to the motion for conditional certification as ordered, and their failures to comply with the 26(f) discovery schedule imposed by this Court. Therefore, an entry of default is the proper remedy.

### c. This Court Should Order Sanctions for Failure to Comply with its Multiple Orders to Produce FRCP 26(a) Disclosures.

#### i. Legal Standard

Parties who fail to comply with FRCP 26(a) face sanctions under FRCP 37(c), which provides:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

**(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and

>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

### ii. Argument.

The Court should order sanctions for Defendants failure to comply with its multiple orders to produce FRCP 26(a) disclosures. Defendants' repeated failure provide FRCP 26(a) disclosures, warrants the imposition of sanctions under Rule 37. Under FRCP 37(c), parties who fail to provide disclosures as required by Rule 26(a) face sanctions, including the exclusion of information or witnesses from trial.Fed. R. Civ. P. 37(c)(1). In this case, Defendants have violated three separate court orders requiring the production of their FRCP 26(a) disclosures, including those issued in January, August, and October 2024. ECF Nos. 11, 19, 28. Defendants, ignored deadlines and failed to provide any meaningful responses, even after the Court explicitly ordered them to do so. ECF Nos. 11, 19, 28.

As a result of Defendants' willful disregard for these orders, Plaintiffs request the imposition of sanctions under Rule 37(c). Sanctions may include the exclusion of any evidence Defendants failed to disclose, an award of reasonable expenses incurred by Plaintiffs in seeking compliance, including attorneys' fees, or any other appropriate measures deemed necessary by the Court. Fed. R. Civ. P. 37(c)(1)(A)-(C). The ongoing violations and failure to remedy the situation demonstrate a pattern of noncompliance that has obstructed the progress of this litigation. Therefore, this Court should impose the following sanctions under FRCP 37(c)(1)(A):

A) Payment of reasonable expenses including attorney's fees (FRCP 37(c));

B) Prohibiting Defendants from supporting or opposing Plaintiff's claims or from introducing designated matters in evidence, including the testimony of witnesses not disclosed; and

C) Treating as contempt of court Defendants' failure to obey this Court's orders.

### d. This Court should Compel Defendants' Responses to Interrogatories and Requests for Production

#### i. Standard

Rule 37(a)(3)(A) allows a party to move to compel such disclosures when the opposing party fails to comply. See Fed. R. Civ. P. 37(a)(3)(A). In the Northern District of Illinois, Local Rule 37.2 requires parties to attempt to resolve discovery disputes through good faith discussions before bringing them to the Court's attention. While Rule 37.2 mandates an attempt to resolve disputes, it does not allow one party to indefinitely delay resolution by failing to engage in good faith discussions. See *Boyd v. Lazer Spot, Inc.*, 2022 WL 2865881, at *1 (N.D. Ill. July 6, 2022). Plaintiffs have made reasonable efforts to resolve this dispute without Court intervention, to no avail.

#### ii. Argument

This Court should compel Defendants to respond to written discovery within seven days. Plaintiffs issued written discovery on August 22, 2024. Exs. 2-5. Defendants' responses were due September 23, 2024. They never produced them. Plaintiffs issued deficiency correspondence and met-and-conferred, in compliance with Local Rule 37.2. Ex. 6. Defendants have yet to produce written responses. All the foregoing, along with Defendants' failure to produce written discovery, necessitates court intervention.

### IV. CONCLUSION

Defendants have been noncompliant with this Court's orders, and the litigation process generally since the onset of this case. This Court should grant Plaintiffs' Motion in its entirety. Plaintiffs respectfully request that the Court enter an order for:

1. Civil Contempt based on Defendants' repeated violation of this Court's orders, and grant appropriate sanctions for their willful disobedience under the court's inherent authority and as permitted under FRCP 37(b)(2)(vii);

2. Default Judgment against Defendants pursuant to FRCP 37(b)(2)(vi) and 55(b), and pursuant to this Court's inherent authority to find parties in contempt of court, for their failure to timely answer or otherwise plead in this case and to comply with several prior discovery orders;

3. Sanctions Against Defendants under FRCP 37(c) for their civil contempt and their repeated failure to comply with discovery orders, including exclusion of any evidence they failed to disclose (witnesses and exculpatory documents due pursuant to 26(a)), the payment of Plaintiffs' reasonable expenses, including attorney's fees, incurred in seeking compliance, and any other sanctions deemed appropriate by the Court; and

4. Compel Defendants to Produce Written Discovery within seven (7) days, including answers to Plaintiffs' interrogatories and requests for production, which were due on September 23, 2024; and

5. Such other relief as the Court deems just and proper, including but not limited to costs and any further measures necessary to ensure Defendants' compliance with the Court's orders.

Dated: November 26, 2024

        Respectfully submitted,

        */s/     Max Barack*

        One of the Plaintiffs' Attorneys

CERTIFICATE OF SERVICE

       I, Max Barack, hereby certify that on November 26, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                   */s/     Max Barack*

                                                           One of the Plaintiffs' Attorneys

**Service List:**
HR Law Counsel
729 South Webster Street
Suite 350C
Naperville, Illinois, 60540
Ethan G. Zelizer
ethan@hrcounsel.com