# EXHIBIT 1

**Tuesday, September 17, 2024 at 10:19:12 Central Daylight Time**

**Subject:** Re: Rule 37.2 Discovery Correspondence - Defendants' Failure to Produce Initial Disclosures
**Date:** Wednesday, September 4, 2024 at 5:00:15 PM Central Daylight Time
**From:** Max Barack
**To:** Ethan Zelizer (Work)
**CC:** John Liston, Haskell Garfinkel, Gabriella Fanter
**Attachments:** image001.jpg, image002.jpg

Ethan,

I am writing to follow up on my prior correspondence. As you are no doubt aware, Local Rule 37.2 requires parties to meet and confer before the aggrieved party files a motion to compel. However, this requirement is not unlimited, and non-responsiveness from the opposing party can excuse this requirement. *See Boyd v. Lazer Spot, Inc.*, 2022 WL 2865881, at *1 (N.D. Ill. July 6, 2022) (*quoting Cage v. Harper*, 2020 WL 1248685, at *21 (N.D. Ill. Mar. 16, 2020) ("Local 37.2 was not meant to provide for an endless stream of discussions between counsel on discovery disputes."). Accordingly, please either provide Defendants' court-ordered Rule 26(a) disclosures forthwith, or provide your availability to speak on or before September 11, 2024. Failure to do so will result in Plaintiffs moving to compel such production. Thank you in advance for your cooperation.

Sincerely,
Max


Max P. Barack
Partner / Member / Head of Litigation



701 N. Milwaukee Avenue
The CIVITAS
Chicago IL 60642
Tel: (312)-736-7991 Ext. 2
Fax: (312) 549-9623
http://garfinkelgroup.com
(Pronouns: Mr./Him/His)

CONFIDENTIALITY NOTE:
This e-mail and attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution or use of this e-mail or attachment is prohibited. If you have received this e-mail in error, notify us immediately and delete it from your system.



On 8/27/24, 5:09 PM, "Max Barack" <max@garfinkelgroup.com> wrote:

Ethan,

This email is sent pursuant to Federal Rule of Civil Procedure 26 and Local Rule 37.2. Defendants' Rule 26(a) initial disclosures are delinquent in several respects.

First, under Rule 26(a)(1)(C), the disclosures were due within 14 days of the parties' Rule 26(f) conference, which was held before January 16, 2024. These disclosures were not provided at that time. After a stay in the case for settlement discussions, the Court ordered Defendants to produce Rule 26(f) disclosures by August 24, 2024. As of today, August 27, 2024, no disclosures have been provided.

Please produce the required disclosures immediately, in compliance with Rule 26 and the Court's August 22, 2024, Order. Alternatively, under Rule 37.2, please provide your availability to discuss Defendants' failure to produce the disclosures within the next week, or by September 5, 2024.

Sincerely,
Max
Max P. Barack
Partner / Member / Head of Litigation

 GARFINKEL GROUP, LLC

701 N. Milwaukee Avenue
The CIVITAS
Chicago IL 60642
Tel: (312)-736-7991 Ext. 2
Fax: (312) 549-9623
http://garfinkelgroup.com
(Pronouns: Mr./Him/His)

CONFIDENTIALITY NOTE:
This e-mail and attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution or use of this e-mail or attachment is prohibited. If you have received this e-mail in error, notify us immediately and delete it from your system.



# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EFREN NUNEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | Case No: 1:23cv14292 |
| | ) | Hon. Judge Elaine E. Bucklo |
| Plaintiffs, | ) ) | Hon. Mag. Judge Young B. Kim |
| v. | ) ) | Jury Trial Demanded |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, Individually, and PETROS PAPADATOS, Individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS TO BOTH DEFENDANTS**

Plaintiffs Efren Nuñez Rivera and Pedro Infante, on behalf of themselves and all others similarly situated, known and unknown, through their attorneys, the Garfinkel Group, LLC, hereby propound their their First Set of Requests for Production of Documents Defendants Plateia, Inc., d/b/a Plateia Mediterranean Kitchen Bar, Dimitri Douvlis, individually, and Petros Papadatos, individually, and state:

**INSTRUCTIONS**

A.      Pursuant to Rules 34 of the Federal Rules of Civil Procedure, Local Rules implementing Rules 34, as well as applicable law, Defendants Defendants Plateia, Inc., d/b/a Plateia Mediterranean Kitchen Bar ("Plateia"), Dimitri Douvlis ("Douvlis"), individually, and Petros Papadatos ("Papadatos"), individually, shall both respond to the following Requests for Production of Documents.

B.      These requests for production are continuing in nature. They must be supplemented and/or amended if additional information or documents are obtained that are responsive to any of these requests at any time prior to trial, and such supplemental responses and/or documents shall be timely served and/or produced after receipt of such new or different information.

C.      Defendant shall respond to each Request separately and fully in writing under oath, respond to each of these Requests on or before thirty days from service of these discovery requests, and produce all responsive documents within the same timeframe.

D.      Whether or not specifically requested herein, when producing documents, Defendants are required by Federal Rule of Civil Procedure 34(b)(i) to identify which discovery request each document responds.

E.      Unless otherwise indicated, and wherever applicable, Defendants should answer all interrogatories in a manner responsive on behalf of both Defendants.

F.      Each Request seeks information available to Defendant, their attorneys or agents, and all persons acting on their behalf.

G.      In the event a question is unanswerable, previously disclosed, and/or objectionable, the question should be answered in relevant part to the extent it is not unanswerable, previously disclosed, and/or objectionable.

H.      Where the identification of a person is requested, indicate the full first and last name, and, if applicable, middle initial, home and business address, title or occupation, employer, home and business address, title or occupation, email address, employer, home and business telephone numbers (include area code) of such person. Where the person identified is a corporation, firm or other entity, such identification should also include the name of each individual connected with such corporation, firm or entity with whom contact is made, present or last known address of such person, the telephone number (include area code), and the title or occupation of such person.

2

I.  Where the identification of a document is required, such identification should include the following information with respect to each document:

1.  the date appearing on such document, and if it has no date, the answer shall so state, and shall give the date or approximate date such document was prepared;

2.  the name of the person who signed such document and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

3.  the general nature of description of such document (e.g., letter, memoranda, email, etc.);

4.  the general description of its contents;

5.  the name of each person to whom such document was addressed, including such addressee of any copy;

6.  the name of the present custodian of the original or originals and of each copy thereof bearing any marking or notation not found on the original;

7.  whether any draft, copy of reproduction of such document contains any postscript, notation, change or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction (in lieu of a general description of the document's contents you may attach a copy of the original and a copy of any nonidentical copies).

J.  If any information or document or the identification of any document or oral communication is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please produce a privilege log, which provides sufficient information to determine the identity of the document or oral communication and state in detail the basis for any asserted claim of privilege.

K.    If responsive information or a document previously existed but has been misplaced, lost, destroyed, discarded, or is otherwise unavailable, identify the responsive information/document and any persons with knowledge of its current unavailability and state the date and circumstances leading to its unavailability.

L.    If you object to any part of a Request and refuse to answer or respond to that part, state your objection and answer or respond to the remaining portion of that Request. If you object to the scope or time period of a Request and refuse to answer or respond for that scope or time period, state your objection and answer or respond to the interrogatory for the scope or time period you contend is not objectionable.

M.    If any of the following Requests cannot be responded to in full after exercising due diligence to secure the information, please so state and answer or respond to the extent possible, specifying your inability to respond to the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any particular way, please set forth the details of such qualification.

N.    If a paper or "hard" copy of a requested document cannot be produced in that format, Defendants are to take all necessary steps to produce an electronic version of the document in a format accessible to the Plaintiffs. Paper documents should be scanned and processed to PDF files. If a document is available to Defendants both in paper and electronic form, Plaintiffs request that Defendants product the requested document in electronic form, as set forth below.

O.    All documents should be produced as they are ordinarily maintained, for example, organized by custodian or source.

P.    Documents originating in spreadsheet or presentation programs such as Excel or PowerPoint should be produced in native form. For deliverables containing native files such as Excel

and PowerPoint files, a native file path/link should be included in the production and reflected in the image load file. The number of native files per folder should be limited to 1,000 files.

Q.  To the extent Defendants contend responsive documents have already been produced in connection with Defendants' Initial Disclosures, identify by Bates number documents responsive to a particular request.

R.  The singular shall include the plural and vice versa, and words in one gender shall include the other gender.

## DEFINITIONS

(a)  (Communication:  The term "communication" as used herein means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memos, reports, contracts, drafts (both initial and subsequent), diaries, logbooks, minutes, notes, studies, surveys, and forecasts.

(b)  (b)(1) Documents:  The term "documents" as used herein means those documents referred to in Rule 34 of the Federal Rules of Civil Procedure and includes all original written, recorded, or graphic matters whatsoever and all copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telemessages, memoranda, notes, notations, work papers, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilm, books of account, and all records kept by electronic, photographic, or mechanical

5

means, any notes or drafts relating to the foregoing, all pleadings and other papers filed in any court in any jurisdiction, complaints, and other papers filed with any state or federal agency, witness statements, and all things similar to any of the foregoing, however denominated. In all cases where original or nonidentical copies are not available, "document" also means identical copies of original documents and nonidentical copies thereof.

(b)(2) Electronically Stored Information ("ESI"): ESI shall mean (i) computer files; (ii) information contained in computer memory; (iii) information stored in storage media such as hard drives, backup tape, writeable disks, electronic messages in any format, including without limitation, emails, text and instant messages, tweets, messages sent using social media, messages sent using computers, messages sent using phones, and messages sent using cell phones; (iv) digital and analog recordings of audio and/or video stored in any format on any server or storage medium; (v) emails stored in any format on any server or storage medium; and, (vi) any other form of electronically stored information.

(c)       Identify (with respect to persons): When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d)       Identify (with respect to documents):  "To identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(e)       Identify (with respect to records): "Identify" means, with respect to records, state the name and title of the person(s) who had responsibility for creating and/or maintaining the record, and

explain how such records are stored, in what format, and where. If any such records have been destroyed or lost, explain the circumstances in detail.

(f)    Relevant Time Period:  The term "Relevant Time Period" shall be construed to mean from September 29, 2020, to the present.

(g)    Person:  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(h)    Concerning:  The term "concerning" means "relating to," "referring to," "describing," "evidencing," or "constituting." These terms are used interchangeably herein.

(i)    And/Or:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(j)    Number:  The use of the singular form of any word includes the plural and vice versa.

(k)    Complaint:  The term "Complaint" shall refer to the First Amended Complaint, unless otherwise specified. "Answer" shall refer to the Answer to the First Amended Complaint, unless otherwise specified.

(l)    Definitions set forth in the Complaint and Answer:  Definitions set forth in the Complaint and Answer, if any, are incorporated.

(m)    Bates Numbers:  To the extent Defendant contends responsive documents have already been produced in connection with Defendant's Initial Disclosures, identify by Bates number documents responsive to a particular request.

(n)    Entity or Entities – refers Plateia, Inc.

(o)     Common Control – refers to any entity that has common ownership with any other entity. This includes any affiliated party's direct, indirect, or beneficial ownership of more than 50% of any other entity, whether via shareholder/member vote and/or the fmv of the entity.

(p)     Affiliated Party – any other corporation, limited liability company, partnership, trust, or individual who is either an (a) Entity, as defined above (b) shares common control and/or (b) owns directly, indirectly, or beneficially the ownership of more than 50% of any other entity, whether via shareholder/member vote and/or the fair market or book value of that entity.

(q)     Transfer Pricing Study – refers to any documented analysis whether performed by a third party or internally that is used to substantiate the pricing of goods and/or services sold or provided by affiliated parties.

(r)     Capitalization – The process of funding an entity through initial and subsequent capital contributions.

(s)     Dividends – Payments made to shareholders or members, typically from profits, and can include cash or stock.

(t)     Distributions – Transfers of money or property to shareholders or members, which can include profit distributions and return of capital.

(u)     Assets – All forms of property owned by an entity, including tangible, intangible, and financial assets.

(v)     Ownership Interests – Shares, membership units, or other forms of equity ownership in an entity.

(w)     Organizational Documents – Documents that establish and govern the operation of an entity, such as certificates of incorporation, operating agreements, and bylaws.

(x)     Financial Statements – Official records of the financial activities of an entity, including balance sheets, income statements, and cash flow statements.

(y)     Loans Made to or by the Entities – Formal and informal lending agreements between entities and affiliated parties.

(z)     Pledged as Security – Assets used as collateral to secure loans or other obligations.

(aa)     Related Party Transactions – Transactions between entities and individuals with common control or ownership.

(bb)     Management and/or Credit Support Agreements – Contracts that outline the management roles and credit support provided between entities and affiliated parties.

(cc)     ArmsLength Pricing – The principle that transactions between affiliated parties should be conducted as if they were between unrelated parties, ensuring fair market value.

(dd)     The term "DaytoDay Operations" refers to the routine, everyday activities conducted by or on behalf of Plateia, Inc. that are essential to the management, administration, and functioning of the business. This includes, but is not limited to, decisionmaking regarding employee hiring, firing, scheduling, payroll, managing financial transactions, maintaining records, overseeing production or service delivery, and interacting with customers, vendors, and other third parties.

(ee)     The term "Affiliated Entities" refers to any business, corporation, partnership, trust, or other entity that, directly or indirectly, controls, is controlled by, or is under common control with Plateia, Inc. "Control" for this purpose means the ownership, whether direct, indirect, or beneficial, of more than 50% of the voting stock or other ownership interests of an entity, or the power to direct or cause the direction of the management and policies of such entity, whether through ownership of voting securities, by contract, or otherwise.

(ff)     The term "Corporate Formalities" refers to the legally required procedures and practices that a corporation must follow to maintain its status as a separate legal entity distinct from its shareholders, directors, and officers. This includes, but is not limited to:

i. Holding Regular Meetings: Conducting and documenting annual shareholder meetings and regular board of directors meetings.

ii. Maintaining Minutes: Keeping accurate and detailed minutes of all shareholder, board of directors, and committee meetings, reflecting the decisions made and actions taken during these meetings.

iii. Adopting and Adhering to Bylaws: Creating and adhering to the corporation's bylaws, which govern the internal management and operation of the corporation.

iv. Issuing Stock: Issuing stock certificates to shareholders, recording stock ownership in the corporate books, and maintaining records of all stock transfers.

v. Separate Financial Accounts: Maintaining separate bank accounts and financial records for the corporation, distinct from the personal accounts of any shareholders, directors, or officers.

vi. Filing Required Documents: Filing all necessary state and federal documents, such as annual reports, tax returns, and other required filings, in a timely manner.

vii. Documenting Major Decisions: Creating and maintaining records of major corporate decisions, including resolutions adopted by the board of directors.

viii. Compliance with Laws: Ensuring that the corporation complies with all applicable laws, regulations, and statutory requirements governing its operations.

(gg) The term "P&L Statements" refers to Profit and Loss Statements, which are financial documents summarizing the revenues, costs, and expenses incurred by a business during

10

a specific period, typically a fiscal quarter or year. A P&L Statement provides information on the company's ability to generate profit by increasing revenue, reducing costs, or both. It typically includes line items such as sales, cost of goods sold (COGS), gross profit, operating expenses, operating income, other income and expenses, and net income.

(hh)  Financials (Audited and Unaudited): The term "Financials" refers to the financial statements of a business, including but not limited to the balance sheet, income statement (or P&L Statement), cash flow statement, and statement of changes in equity.

(ii)  "Audited Financials" are those financial statements that have been reviewed and verified by an independent thirdparty auditor in accordance with generally accepted auditing standards (GAAS) to ensure accuracy, completeness, and compliance with accounting standards such as Generally Accepted Accounting Principles (GAAP) or International Financial Reporting Standards (IFRS).

(jj)  "Unaudited Financials" are financial statements that have been prepared internally by the business but have not undergone an independent external audit. While unaudited financials provide an overview of the company's financial position and performance, they do not carry the same level of assurance as audited financials.

(kk)  The term "Balance Sheets" refers to financial statements that provide a snapshot of a company's financial position at a specific point in time. A Balance Sheet presents the company's assets, liabilities, and shareholders' equity, and is structured around the fundamental accounting equation: Assets = Liabilities + Shareholders' Equity.

(ll)  "Assets" represent what the company owns and include items such as cash, accounts receivable, inventory, property, and equipment.

(mm)  "Liabilities" represent what the company owes to others, such as loans, accounts payable, mortgages, and other obligations.

(nn)  "Shareholders' Equity" represents the residual interest in the assets of the company after deducting liabilities, and includes items such as common stock, retained earnings, and additional paidin capital.

**Instructions on Searching for and Production of Electronically Stored Information**

(1)  Where ASCII search strings are sought, Defendants are directed to search for responsive ESI by running a systemwide keyword search using the ASCII search strings identified below in Plaintiff's ESI requests. Unless otherwise noted, defendant should search for ASCII strings by searching for ESI where the ASCII characters appear in exactly the order specified. In other words, if the string sought is **qwerty asdfgh** defendant should search for ESI in which exactly those letters and spaces appear in exactly that order. Only if the demand expressly so requests, should defendant search for all ESI in which both **qwerty** and **asdfgh** appear. Under no circumstances should defendant search for ESI in which other combinations of the same characters appear.

(2) Where image files are sought, Defendants are directed to search for responsive ESI by running a systemwide search for potentially responsive files, and produce such files.

(3) Where sound and video recording files are sought, Defendants are directed to search for responsive ESI by running a systemwide search for any other potentially responsive files, and produce such responsive files.

(4) When a systemwide search is not possible, explain why, and what types of searches are possible.

(5)  ESI may generally be produced in the least expensive searchable format. Searchable PDF or TIF files are acceptable. When emails are produced their full header must be visible.

(6)  ESI which must be produced in native format are: standard image file formats, standard audio or video recording files and standard spread sheet files. If such Electronically Stored

Information is stored in proprietary nonstandard files we will ask you to translate or convert the files to a standard format.

       (7)     Digital files may be produced via email to the email address below or by delivering a disk to the undersigned address.

       (7a)    If an email is responsive to a demand, defendant must produce the entire chain.

       (8)     Native paper documents may be produced as scanned .tif or .pdf files (by email or on disk), or may be produced as paper copies.

       (9)     To the extent these instructions contradict a written agreement among the parties or a court order such agreement or order shall be supersede these instructions.

## **REQUESTS**[1]

**DOCUMENT REQUEST NO. 1:**     Identify and produce all documents concerning the knowledge of the individuals identified in response to Plaintiffs' Interrogatory No. 1.

     **RESPONSE:**


**DOCUMENT REQUEST NO. 2:**     Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 2. To the extent those records no longer exist or do not exist, please state why.

     **RESPONSE:**

---

[1] Requests Nos. 1-18, 30-32, 41-45, and 55 are directed to all Defendants. Requests Nos. 19-29, 33-39, and 46-54 are directed to Defendant Plateia, Inc., specifically.  Requests No. 42 is directed solely to Defendants Dovlis and Papadatos.

**<u>DOCUMENT REQUEST NO. 3:</u>**          Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 3. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**<u>DOCUMENT REQUEST NO. 4:</u>**          Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 4. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**<u>DOCUMENT REQUEST NO. 5:</u>**          Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 5. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**<u>DOCUMENT REQUEST NO. 6:</u>**          Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 6. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**<u>DOCUMENT REQUEST NO. 7:</u>**          Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No.7. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 8. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 9. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 10. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 11. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 12. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:**    Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 13. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:**    Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 14. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15**    Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 15. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 16:**    Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 16. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 17:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 17. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 18:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 18. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 19:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 19. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 20:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 20. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 21:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 21. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 22:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 22. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 23:** Identify and produce all documents, records, and/or ESI related to your Answer to Interrogatory No. 23. To the extent those records no longer exist or do not exist, please state why.

**RESPONSE:**

**DOCUMENT REQUEST NO. 24:** All documents concerning all insurance policies maintained by Plateia, including without limitation all umbrella policies, excess coverage, directors' and officers' policies, errors and omissions policies, employee practices liability policies and commercial general liability policies from 2013 to date.

**RESPONSE:**

**DOCUMENT REQUEST NO. 25:** All documents relating to any formal and/or informal complaints, lawsuits, claims, grievances, administrative actions, charges, or investigations made with respect to the employees' work at Plateia (including with respect to the payment of wages). This request includes documents and notes related to any and all such complaints, investigations, or inquiries, no matter whether they were formal or informal, and no matter whether they were made internally or filed with or initiated by any government agency.

**RESPONSE:**

**DOCUMENT REQUEST NO. 26:** Produce all P&L Statements for Plateia, Inc. for each year from 2019 to the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 27:** Produce all Audited Financials for Plateia, Inc. for each year from 2019 to the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 28:** Produce all Unaudited Financials for Plateia, Inc. for each year from 2019 to the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 29:** Produce all documents sufficient to show the corporate formation of Plateia, Inc., including but not limited to the Articles of Incorporation, Bylaws, and any other organizational documents.

**RESPONSE:**

**DOCUMENT REQUEST NO. 30:** Produce all documents sufficient to show the ownership of the restaurant building or property where Plateia, Inc. operates, including deeds, titles, or lease agreements, if Plateia, Inc. owns the property.

**RESPONSE:**

**DOCUMENT REQUEST NO. 31:**  To the extent not already produced, produce all agreements or contracts pertaining to the ownership of Plateia, Inc., including but not limited to shareholder agreements, operating agreements, or any other contracts involving ownership interests.

**RESPONSE:**

**DOCUMENT REQUEST NO. 32:**  Produce all corporate tax returns for Plateia, Inc. for each year from 2019 to the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 33:**  Produce documents sufficient to show, as to Plateia, Inc., the average restaurant customer volume per night.

**RESPONSE:**

**DOCUMENT REQUEST NO. 34:** Produce documents sufficient to show, as to Plateia, Inc., the table turnover per night, from 2019present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 35:** Produce documents sufficient to show, as to Plateia, the average bill/receipt size per day and night, from 2019-present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 36:** Produce documents sufficient to show, as to Plateia, the average gross revenue per night, from 2019-present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 37:** Produce documents sufficient to show, as to Plateia, the average net revenue per night.

**RESPONSE:**

**DOCUMENT REQUEST NO. 38:** Produce all documents sufficient to show, as to Plateia, average cash receipts per day and night.

**RESPONSE:**

**DOCUMENT REQUEST NO. 39:** Produce documents sufficient to show Plateia's average credit card receipts per day and night.

**RESPONSE:**

**DOCUMENT REQUEST NO. 40:** Produce documents sufficient to show the sources of the cash paid to employees "off the books."

**RESPONSE:**

**DOCUMENT REQUEST NO. 41:** Produce documents sufficient to show how Plateia reported the cash depicted in its Response to Request No. 40 to the IRS and Illinois Department of Revenue.

**RESPONSE:**

**DOCUMENT REQUEST NO. 42:** Produce all IRS Forms 1040 filed by Dimitri Douvlis and Petros Papadatos for each year from 2019 to the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 43:**  Produce all corporate and/or partnership tax returns for Plateia, Inc., and any other entity in which Dimitri Douvlis or Petros Papadatos have control, either through voting power or value, for each year from 2019 to the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 44:**  Produce all IRS Forms 941 and 942 filed by Plateia, Inc., Dimitri Douvlis, or Petros Papadatos for each year from 2019 to the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 45:**  Produce all personal and corporate bank statements for accounts for which Dimitri Douvlis or Petros Papadatos are signatories, for each year from 2019 to the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 46:**  Produce all merchant account statements evidencing credit card transactions for Plateia, Inc., for each year from 2019 to the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 47:**  Produce all documents depicting the policies and practices of Plateia, Inc. for clocking in, clocking out, and timekeeping generally.

**RESPONSE:**

**DOCUMENT REQUEST NO. 48:**  Produce all documents depicting the policies and practices of Plateia, Inc. for employee compensation.

**RESPONSE:**

**DOCUMENT REQUEST NO. 49:**  Produce all documents depicting the policies and practices of Plateia, Inc. for tracking employee hours.

**RESPONSE:**

**DOCUMENT REQUEST NO. 50:**  Produce all documents depicting the policies and practices of Plateia, Inc. for payment of hours worked by employees.

**RESPONSE:**

**DOCUMENT REQUEST NO. 51:**  To the extent not already produced, produce records of all hours worked by all dishwashers, line cooks, and bussers from September 29, 2020 – present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 52:**  To the extent not already produced, produce records of all W-2 payments made to all dishwashers, line cooks, and bussers from September 29, 2020 – present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 53:**  To the extent not already produced, produce records of all cash payments made to all dishwashers, line cooks, and bussers from September 29, 2020 – present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 54:** To the extent not already produced, produce records of all alterations to time entries (clock-in, clock-out records) from September 29, 2020 – present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 55:** Identify and produce documents relating to or supporting any affirmative defenses that you intend to assert.

**RESPONSE:**

**Dated:** August 22, 2024

By: */s/ Max Barack*

Max Barack
One of Plaintiff's Attorneys

The Garfinkel Group, LLC
(Lead Attorney) Max Barack
max@garfinkelgroup.com
Haskell Garfinkel
haskell@garfinkelgroup.com
Andrew Fullett
andrew@garfinkelgroup.com
701 N. Milwaukee Avenue, the CIVITAS
Chicago, IL 60642
(312) 736-7991

## CERTIFICATE OF SERVICE

Max Barack, an attorney, hereby certifies that he caused a copy of the attached, *Plaintiffs' First Set of Requests for Production of Documents to All Defendants*, to be served upon Defendants through counsel below via electronic mail on August 22, 2024.

By: */s/ Max Barack*
Max P. Barack
One of the Plaintiff's Attorneys

**Service List**
HR Law Counsel
729 South Webster Street
Suite 350C
Naperville, Illinois, 60540
Ethan G. Zelizer
ethan@hrcounsel.com

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EFREN NUNEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | Case No: 1:23-cv-14292 |
| | ) | Hon. Judge Elaine E. Bucklo |
| Plaintiffs, | ) ) | Hon. Mag. Judge Young B. Kim |
| v. | ) ) | Jury Trial Demanded |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, Individually, and PETROS PAPADATOS, Individually, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT PLATEIA, INC.

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Efren Nuñez Rivera and Pedro Infante, on behalf of themselves and all others similarly situated, known and unknown, through their attorneys, the Garfinkel Group, LLC, hereby propound their First Set of Interrogatories to Defendant Plateia, Inc., and state:

## INSTRUCTIONS

A. Pursuant to Rules 33 of the Federal Rules of Civil Procedure, Local Rules implementing Rules 33, as well as applicable law, Defendant Plateia, Inc. ("Plateia") shall respond to the following Interrogatories.

B. Defendant shall answer each Interrogatory separately and fully in writing under oath, respond to each of these Interrogatories on or before thirty days from service of these discovery requests.

C.     Unless otherwise indicated, all requests pertain to the period covered by applicable the statute of limitations as defined by the First Amended Complaint, and span until present date.

D.     Unless otherwise indicated, and wherever applicable, Defendants should answer all Interrogatories in a manner responsive on behalf of both Defendants.

E.     Each interrogatory seeks information available to Defendants, their attorneys or agents, and all persons acting on their behalf.

F.     In the event a question is unanswerable, previously disclosed, and/or objectionable, the question should be answered in relevant part to the extent it is not unanswerable, previously disclosed, and/or objectionable.

G.     Where the identification of a person is requested, indicate the full first and last name, and, if applicable, middle initial, home and business address, title or occupation, employer, home and business address, title or occupation, email address, employer, home and business telephone numbers (include area code) of such person. Where the person identified is a corporation, firm or other entity, such identification should also include the name of each individual connected with such corporation, firm or entity with whom contact is made, present or last known address of such person, the telephone number (include area code), and the title or occupation of such person.

H.     Where the identification of a document is required, such identification should include the following information with respect to each document:

    1.  the date appearing on such document, and if it has no date, the answer shall so state, and shall give the date or approximate date such document was prepared;

    2.  the name of the person who signed such document and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

2

3.  the general nature of description of such document (e.g., letter, memoranda, email, etc.);

4.  the general description of its contents;

5.  the name of each person to whom such document was addressed, including such addressee of any copy;

6.  the name of the present custodian of the original or originals and of each copy thereof bearing any marking or notation not found on the original;

7.  whether any draft, copy of reproduction of such document contains any postscript, notation, change or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction (in lieu of a general description of the document's contents you may attach a copy of the original and a copy of any non-identical copies).

I.      If any information or document or the identification of any document or oral communication is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please produce a privilege log, which provides sufficient information to determine the identity of the document or oral communication and state in detail the basis for any asserted claim of privilege.

J.      If responsive information or a document previously existed but has been misplaced, lost, destroyed, discarded, or is otherwise unavailable, identify the responsive information/document and any persons with knowledge of its current unavailability and state the date and circumstances leading to its unavailability.

K.      If you object to any part of an interrogatory and refuse to answer or respond to that part, state your objection and answer or respond to the remaining portion of that interrogatory. If you object to the scope or time period of an interrogatory and refuse to answer or respond for that

3

scope or time period, state your objection and answer or respond to the interrogatory for the scope or time period you contend is not objectionable.

L. If any of the following interrogatories cannot be answered or responded to in full after exercising due diligence to secure the information, please so state and answer or respond to the extent possible, specifying your inability to respond to the remainder, and stating whatever information you have concerning the unanswered portions. If your answer or response is qualified in any particular way, please set forth the details of such qualification.

M. The singular shall include the plural and vice versa, and words in one gender shall include the other gender.

## **DEFINITIONS**

(a) (Communication: The term "communication" as used herein means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memos, reports, contracts, drafts (both initial and subsequent), diaries, logbooks, minutes, notes, studies, surveys, and forecasts.

(b) (b)(1) Documents: The term "documents" as used herein means those documents referred to in Rule 34 of the Federal Rules of Civil Procedure and includes all original written, recorded, or graphic matters whatsoever and all copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telemessages, memoranda, notes, notations, work papers, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, statistical records, desk calendars, appointment

4

books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilm, books of account, and all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, all pleadings and other papers filed in any court in any jurisdiction, complaints, and other papers filed with any state or federal agency, witness statements, and all things similar to any of the foregoing, however denominated. In all cases where original or non-identical copies are not available, "document" also means identical copies of original documents and non-identical copies thereof.

(b)(2) Electronically Stored Information ("ESI"): ESI shall mean (i) computer files; (ii) information contained in computer memory; (iii) information stored in storage media such as hard drives, backup tape, writeable disks, electronic messages in any format, including without limitation, emails, text and instant messages, tweets, messages sent using social media, messages sent using computers, messages sent using phones, and messages sent using cell phones; (iv) digital and analog recordings of audio and/or video stored in any format on any server or storage medium; (v) e-mails stored in any format on any server or storage medium; and, (vi) any other form of electronically stored information.

(c) Identify (with respect to persons): When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d)     Identify (with respect to documents):   "To identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(e)     Identify (with respect to records):  "Identify" means, with respect to records, state the name and title of the person(s) who had responsibility for creating and/or maintaining the record, and explain how such records are stored, in what format, and where. If any such records have been destroyed or lost, explain the circumstances in detail.

(f)     Relevant Time Period:  The term "Relevant Time Period" shall be construed to mean from September 29, 2020, to the present.

(g)     Person:  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(h)     Concerning:  The term "concerning" means "relating to," "referring to," "describing," "evidencing," or "constituting." These terms are used interchangeably herein.

(i)     And/Or:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(j)     Number:  The use of the singular form of any word includes the plural and vice versa.

(k)     Complaint:  The term "Complaint" shall refer to the First Amended Complaint, unless otherwise specified. "Answer" shall refer to the Answer to the First Amended Complaint, unless otherwise specified.

(l)     Definitions set forth in the Complaint and Answer:  Definitions set forth in the Complaint and Answer, if any, are incorporated.

(m)     Bates Numbers:  To the extent Defendant contends responsive documents have already been produced in connection with Defendant's Initial Disclosures, identify by Bates number documents responsive to a particular request.

**Instructions on Searching for and Production of Electronically Stored Information**

(1)     Where ASCII search strings are sought, Defendants are directed to search for responsive ESI by running a system-wide keyword search using the ASCII search strings identified below in Plaintiff's ESI requests. Unless otherwise noted, defendant should search for ASCII strings by searching for ESI where the ASCII characters appear in exactly the order specified. In other words, if the string sought is **qwerty asdfgh** defendant should search for ESI in which exactly those letters and spaces appear in exactly that order. Only if the demand expressly so requests, should defendant search for all ESI in which both **qwerty** and **asdfgh** appear. Under no circumstances should defendant search for ESI in which other combinations of the same characters appear.

(2) Where image files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for potentially responsive files, and produce such files.

(3) Where sound and video recording files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for any other potentially responsive files, and produce such responsive files.

(4) When a system-wide search is not possible, explain why, and what types of searches are possible.

(5)     ESI may generally be produced in the least expensive searchable format. Searchable PDF or TIF files are acceptable. When emails are produced their full header must be visible.

(6)     ESI which must be produced in native format are: standard image file formats, standard audio or video recording files and standard spread sheet files. If such Electronically Stored

Information is stored in proprietary non-standard files we will ask you to translate or convert the files to a standard format.

(7)     Digital files may be produced via e-mail to the email address below or by delivering a disk to the undersigned address.

(7a)    If an email is responsive to a demand, defendant must produce the entire chain.

(8)     Native paper documents may be produced as scanned .tif or .pdf files (by email or on disk), or may be produced as paper copies.

(9)     To the extent these instructions contradict a written agreement among the parties or a court order such agreement or order shall be supersede these instructions.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify all persons, including external third parties, with knowledge of facts relating to the allegations, defenses, or other matters in the Complaint or Answer. For each person, describe the specific facts they know.

**ANSWER:**


**INTERROGATORY NO. 2:**  Identify all persons with possession, custody, or control of documents related to the allegations and defenses in the Complaint or Answer. Describe the documents each person possesses.

**ANSWER:**


**INTERROGATORY NO. 3:**  Do you expect to call any witnesses at trial? If so, identify all actual and potential witnesses; and, with respect to each witness, describe the facts and opinions to which he or she is expected to testify, a summary of the grounds, and the identity of any documents upon which such facts or opinions are based.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify all non-tipped employees who worked at Plateia since September 29, 2020. Provide their name, last known contact information, employment dates, job title, job duties, pay rate, and whether they are a current or former employee.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify all lawsuits, claims, grievances, administrative actions, charges, or investigations, other than this lawsuit, brought by or against Plateia by any person or entity (including the name of the court or agency, the docket number, the names of the parties, and the date of filing) related to the employees at Plateia, including but not limited to workers' compensation proceedings, unemployment insurance proceedings, and wage complaints.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify all individuals who participated in answering these Interrogatories and Requests for Production, specifying which responses each participated in.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify all owners, officers, directors, shareholders, and managers that Defendant Plateia has or had during the Relevant Time Period. For each such individual, state their name, address, position(s), dates such position(s) were held, and job duties of each position(s) held.

**ANSWER:**

**INTERROGATORY NO. 8:**  For each Plaintiff, named-plaintiff, opt-in plaintiff, and other employee identified in Defendant's Answer to Interrogatory No. 4, identify: (a) the starting and ending dates of their employment with Defendant; (b) their shifts worked; and (c) their rates of compensation.

**ANSWER:**

**INTERROGATORY NO. 9:**  Identify and describe all of Defendants' policies, procedures, or customs, whether written or unwritten, regarding timekeeping/recording all hours worked. Include the dates of their implementation and whether any documents exist pertaining to the same.

**ANSWER:**

**INTERROGATORY NO. 10:**  Identify and describe all of Defendants' policies, procedures, or customs, whether written or unwritten, regarding the payment of wages. Include the dates of their implementation and whether any documents exist pertaining to the same.

**ANSWER:**

**INTERROGATORY NO. 11:**  For each employee identified in response to Interrogatory No. 4, specify the actual hours worked per week during their employment with Defendants, including overtime hours.

**ANSWER:**

**INTERROGATORY NO. 12:**  For each employee identified in response to Interrogatory No. 4, identify the hours for which they were paid by check, including the amounts paid and the corresponding workweeks.

**ANSWER:**

**INTERROGATORY NO. 13:**  Provide all payroll records, pay stubs, or other documentation reflecting the hours paid by check to the employees identified in Interrogatory No. 4.

**ANSWER:**

**INTERROGATORY NO. 14:**  For each employee identified in response to Interrogatory No. 4, identify the hours for which they were paid in cash at their straight-time rate, including the amounts paid and the corresponding workweeks.

**ANSWER:**

**INTERROGATORY NO. 15:**  Describe the process by which cash payments were made to employees for hours worked in excess of 40 per week, including how these payments were documented, if at all.

**ANSWER:**

**INTERROGATORY NO. 16:**  Describe how the hours worked and wages paid in cash (as identified in Interrogatory No. 14) were treated or reported to the IRS, including whether these amounts were included in any payroll tax filings or W-2 forms.

**ANSWER:**

**INTERROGATORY NO. 17:**  Identify any communications, internal policies, or external advice received by Defendants regarding the tax treatment of cash payments to employees.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify all records in Defendants' possession, custody, or control that relate to the hours worked and wages paid to dishwashers, bussers, and line cooks, including electronic timekeeping records, payroll records, tax filings, and any records of cash payments.

**ANSWER:**

**INTERROGATORY NO. 19:** Identify the person(s) responsible for maintaining the records identified in response to Interrogatory No. 18.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify all electronic and non-electronic files, databases, records, programs, and any other digital or non-digital systems that Defendants utilized to track or maintain information relating to hours worked, pay received/paid to each Plaintiff, and deductions from any Plaintiff's pay during the Relevant Time Period.

**ANSWER:**

**INTERROGATORY NO. 21:** If Defendant(s) contend that they acted in good faith and/or did not willfully violate the FLSA, state the factual basis for that contention, including but not limited to any legal advice obtained, from whatever source.

**ANSWER:**

**INTERROGATORY NO. 22:** State whether Defendant has filed for bankruptcy, and if so, state the following:

a. The case caption(s) for any bankruptcy proceeding(s);

b. Whether any bankruptcy proceedings remain ongoing; and

c. What documents, if any, exist that corroborate such information.

**ANSWER:**


**INTERROGATORY No. 23:** To the extent you contend that you have paid any/all of the Plaintiffs all wages owed, state all facts, statements, or documents you are aware of that support your contention.

**ANSWER:**


**Dated:** August 22, 2024


By: */s/ Max Barack*

Max Barack
One of Plaintiff's Attorneys

The Garfinkel Group, LLC
(Lead Attorney) Max Barack
max@garfinkelgroup.com
Haskell Garfinkel
haskell@garfinkelgroup.com
701 N. Milwaukee Avenue, the CIVITAS
Chicago, IL 60642
(312) 736-7991

## <u>CERTIFICATE OF SERVICE</u>

Max Barack, an attorney, hereby certifies that he caused a copy of the attached, *Plaintiffs' First Set of Interrogatories to Defendant Plateia, Inc.*, to be served upon Defendants through counsel below via electronic mail on August 22, 2024.

By: */s/ Max Barack*
Max P. Barack
One of the Plaintiff's Attorneys

**<u>Service List</u>**
HR Law Counsel
729 South Webster Street
Suite 350C
Naperville, Illinois, 60540
Ethan G. Zelizer
ethan@hrcounsel.com

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EFREN NUNEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | Case No: 1:23-cv-14292 |
| | ) | Hon. Judge Elaine E. Bucklo |
| Plaintiffs, | ) ) | Hon. Mag. Judge Young B. Kim |
| v. | ) ) | Jury Trial Demanded |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, Individually, and PETROS PAPADATOS, Individually, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**TO DEFENDANT PETROS PAPADATOS**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Efren Nuñez Rivera and Pedro Infante, on behalf of themselves and all others similarly situated, known and unknown, through their attorneys, the Garfinkel Group, LLC, hereby propound their First Set of Interrogatories to Petros Papadatos, individually, and state:

**INSTRUCTIONS**

A.      Pursuant to Rules 33 of the Federal Rules of Civil Procedure, Local Rules implementing Rules 33, as well as applicable law, Defendant Petros Papadatos ("Papadatos") shall respond to the following Interrogatories.

B.      Defendant shall answer each Interrogatory separately and fully in writing under oath, respond to each of these Interrogatories on or before thirty days from service of these discovery requests.

1

C.      Unless otherwise indicated, all requests pertain to the period covered by applicable the statute of limitations as defined by the First Amended Complaint, and span until present date.

D.      Unless otherwise indicated, and wherever applicable, Defendants should answer all Interrogatories in a manner responsive on behalf of both Defendants.

E.      Each interrogatory seeks information available to Defendants, their attorneys or agents, and all persons acting on their behalf.

F.      In the event a question is unanswerable, previously disclosed, and/or objectionable, the question should be answered in relevant part to the extent it is not unanswerable, previously disclosed, and/or objectionable.

G.      Where the identification of a person is requested, indicate the full first and last name, and, if applicable, middle initial, home and business address, title or occupation, employer, home and business address, title or occupation, email address, employer, home and business telephone numbers (include area code) of such person. Where the person identified is a corporation, firm or other entity, such identification should also include the name of each individual connected with such corporation, firm or entity with whom contact is made, present or last known address of such person, the telephone number (include area code), and the title or occupation of such person.

H.      Where the identification of a document is required, such identification should include the following information with respect to each document:

1.    the date appearing on such document, and if it has no date, the answer shall so state, and shall give the date or approximate date such document was prepared;

2.    the name of the person who signed such document and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

2

3. the general nature of description of such document (e.g., letter, memoranda, email, etc.);

4. the general description of its contents;

5. the name of each person to whom such document was addressed, including such addressee of any copy;

6. the name of the present custodian of the original or originals and of each copy thereof bearing any marking or notation not found on the original;

7. whether any draft, copy of reproduction of such document contains any postscript, notation, change or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction (in lieu of a general description of the document's contents you may attach a copy of the original and a copy of any non-identical copies).

I. If any information or document or the identification of any document or oral communication is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please produce a privilege log, which provides sufficient information to determine the identity of the document or oral communication and state in detail the basis for any asserted claim of privilege.

J. If responsive information or a document previously existed but has been misplaced, lost, destroyed, discarded, or is otherwise unavailable, identify the responsive information/document and any persons with knowledge of its current unavailability and state the date and circumstances leading to its unavailability.

K. If you object to any part of an interrogatory and refuse to answer or respond to that part, state your objection and answer or respond to the remaining portion of that interrogatory. If you object to the scope or time period of an interrogatory and refuse to answer or respond for that

scope or time period, state your objection and answer or respond to the interrogatory for the scope or time period you contend is not objectionable.

L.     If any of the following interrogatories cannot be answered or responded to in full after exercising due diligence to secure the information, please so state and answer or respond to the extent possible, specifying your inability to respond to the remainder, and stating whatever information you have concerning the unanswered portions. If your answer or response is qualified in any particular way, please set forth the details of such qualification.

M.     The singular shall include the plural and vice versa, and words in one gender shall include the other gender.

## **DEFINITIONS**

(a)     (Communication: The term "communication" as used herein means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memos, reports, contracts, drafts (both initial and subsequent), diaries, logbooks, minutes, notes, studies, surveys, and forecasts.

(b)     (b)(1) Documents: The term "documents" as used herein means those documents referred to in Rule 34 of the Federal Rules of Civil Procedure and includes all original written, recorded, or graphic matters whatsoever and all copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telemessages, memoranda, notes, notations, work papers, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, statistical records, desk calendars, appointment

4

books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilm, books of account, and all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, all pleadings and other papers filed in any court in any jurisdiction, complaints, and other papers filed with any state or federal agency, witness statements, and all things similar to any of the foregoing, however denominated. In all cases where original or non-identical copies are not available, "document" also means identical copies of original documents and non-identical copies thereof.

(b)(2) Electronically Stored Information ("ESI"): ESI shall mean (i) computer files; (ii) information contained in computer memory; (iii) information stored in storage media such as hard drives, backup tape, writeable disks, electronic messages in any format, including without limitation, emails, text and instant messages, tweets, messages sent using social media, messages sent using computers, messages sent using phones, and messages sent using cell phones; (iv) digital and analog recordings of audio and/or video stored in any format on any server or storage medium; (v) e-mails stored in any format on any server or storage medium; and, (vi) any other form of electronically stored information.

(c)     Identify (with respect to persons): When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d)     Identify (with respect to documents):  "To identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(e)      Identify (with respect to records): "Identify" means, with respect to records, state the name and title of the person(s) who had responsibility for creating and/or maintaining the record, and explain how such records are stored, in what format, and where. If any such records have been destroyed or lost, explain the circumstances in detail.

(f)      Relevant Time Period: The term "Relevant Time Period" shall be construed to mean from September 29, 2020, to the present.

(g)      Person: The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(h)      Concerning: The term "concerning" means "relating to," "referring to," "describing," "evidencing," or "constituting." These terms are used interchangeably herein.

(i)      And/Or: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(j)      Number: The use of the singular form of any word includes the plural and vice versa.

(k)      Complaint: The term "Complaint" shall refer to the First Amended Complaint, unless otherwise specified. "Answer" shall refer to the Answer to the First Amended Complaint, unless otherwise specified.

(l)      Definitions set forth in the Complaint and Answer: Definitions set forth in the Complaint and Answer, if any, are incorporated.

(m)      Bates Numbers: To the extent Defendant contends responsive documents have already been produced in connection with Defendant's Initial Disclosures, identify by Bates number documents responsive to a particular request.

(n)      Entity or Entities – refers Plateia, Inc.

(o)    Common Control – refers to any entity that has common ownership with any other entity. This includes any affiliated party's direct, indirect, or beneficial ownership of more than 50% of any other entity, whether via shareholder/member vote and/or the fmv of the entity.

(p)    Affiliated Party – any other corporation, limited liability company, partnership, trust, or individual who is either an (a) Entity, as defined above (b) shares common control and/or (b) owns directly, indirectly, or beneficially the ownership of more than 50% of any other entity, whether via shareholder/member vote and/or the fair market or book value of that entity.

(q)    Transfer Pricing Study – refers to any documented analysis whether performed by a third party or internally that is used to substantiate the pricing of goods and/or services sold or provided by affiliated parties.

(r)    Capitalization – The process of funding an entity through initial and subsequent capital contributions.

(s)    Dividends – Payments made to shareholders or members, typically from profits, and can include cash or stock.

(t)    Distributions – Transfers of money or property to shareholders or members, which can include profit distributions and return of capital.

(u)    Assets – All forms of property owned by an entity, including tangible, intangible, and financial assets.

(v)    Ownership Interests – Shares, membership units, or other forms of equity ownership in an entity.

(w)    Organizational Documents – Documents that establish and govern the operation of an entity, such as certificates of incorporation, operating agreements, and bylaws.

(x)    Financial Statements – Official records of the financial activities of an entity, including balance sheets, income statements, and cash flow statements.

(y)     Loans Made to or by the Entities – Formal and informal lending agreements between entities and affiliated parties.

(z)     Pledged as Security – Assets used as collateral to secure loans or other obligations.

(aa)     Related Party Transactions – Transactions between entities and individuals with common control or ownership.

(bb)     Management and/or Credit Support Agreements – Contracts that outline the management roles and credit support provided between entities and affiliated parties.

(cc)     Arms-Length Pricing – The principle that transactions between affiliated parties should be conducted as if they were between unrelated parties, ensuring fair market value.

(dd)     The term "Day-to-Day Operations" refers to the routine, everyday activities conducted by or on behalf of Plateia, Inc. that are essential to the management, administration, and functioning of the business. This includes, but is not limited to, decision-making regarding employee hiring, firing, scheduling, payroll, managing financial transactions, maintaining records, overseeing production or service delivery, and interacting with customers, vendors, and other third parties.

(ee)     The term "Affiliated Entities" refers to any business, corporation, partnership, trust, or other entity that, directly or indirectly, controls, is controlled by, or is under common control with Plateia, Inc. "Control" for this purpose means the ownership, whether direct, indirect, or beneficial, of more than 50% of the voting stock or other ownership interests of an entity, or the power to direct or cause the direction of the management and policies of such entity, whether through ownership of voting securities, by contract, or otherwise.

(ff)     The term "Corporate Formalities" refers to the legally required procedures and practices that a corporation must follow to maintain its status as a separate legal entity distinct from its shareholders, directors, and officers. This includes, but is not limited to:

i.   Holding Regular Meetings: Conducting and documenting annual shareholder meetings and regular board of directors meetings.

ii.  Maintaining Minutes: Keeping accurate and detailed minutes of all shareholder, board of directors, and committee meetings, reflecting the decisions made and actions taken during these meetings.

iii. Adopting and Adhering to Bylaws: Creating and adhering to the corporation's bylaws, which govern the internal management and operation of the corporation.

iv.  Issuing Stock: Issuing stock certificates to shareholders, recording stock ownership in the corporate books, and maintaining records of all stock transfers.

v.   Separate Financial Accounts: Maintaining separate bank accounts and financial records for the corporation, distinct from the personal accounts of any shareholders, directors, or officers.

vi.  Filing Required Documents: Filing all necessary state and federal documents, such as annual reports, tax returns, and other required filings, in a timely manner.

vii. Documenting Major Decisions: Creating and maintaining records of major corporate decisions, including resolutions adopted by the board of directors.

viii. Compliance with Laws: Ensuring that the corporation complies with all applicable laws, regulations, and statutory requirements governing its operations.

**Instructions on Searching for and Production of Electronically Stored Information**

(1)     Where ASCII search strings are sought, Defendants are directed to search for responsive ESI by running a system-wide keyword search using the ASCII search strings identified below in Plaintiff's ESI requests. Unless otherwise noted, defendant should search for ASCII strings by searching for ESI where the ASCII characters appear in exactly the order specified. In other words, if the string sought is **qwerty asdfgh** defendant should search for ESI in which exactly those letters and spaces appear in exactly that order. Only if the demand expressly so requests, should defendant search for all ESI in which both **qwerty** and **asdfgh** appear. Under no circumstances should defendant search for ESI in which other combinations of the same characters appear.

(2) Where image files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for potentially responsive files, and produce such files.

(3) Where sound and video recording files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for any other potentially responsive files, and produce such responsive files.

(4) When a system-wide search is not possible, explain why, and what types of searches are possible.

(5)     ESI may generally be produced in the least expensive searchable format. Searchable PDF or TIF files are acceptable. When emails are produced their full header must be visible.

(6)     ESI which must be produced in native format are: standard image file formats, standard audio or video recording files and standard spread sheet files. If such Electronically Stored Information is stored in proprietary non-standard files we will ask you to translate or convert the files to a standard format.

(7)     Digital files may be produced via e-mail to the email address below or by delivering a disk to the undersigned address.

(7a)     If an email is responsive to a demand, defendant must produce the entire chain.

(8)     Native paper documents may be produced as scanned .tif or .pdf files (by email or on disk), or may be produced as paper copies.

(9)     To the extent these instructions contradict a written agreement among the parties or a court order such agreement or order shall be supersede these instructions.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**  Identify all persons, including external third parties, with knowledge of facts relating to the allegations, defenses, or other matters in the Complaint or Answer. For each person, describe the specific facts they know.

**ANSWER:**


**INTERROGATORY NO. 2:**  Identify all persons with possession, custody, or control of documents related to the allegations and defenses in the Complaint or Answer. Describe the documents each person possesses.

**ANSWER:**


**INTERROGATORY NO. 3:**  Do you expect to call any witnesses at trial? If so, identify all actual and potential witnesses; and, with respect to each witness, describe the facts and opinions to which he or she is expected to testify, a summary of the grounds, and the identity of any documents upon which such facts or opinions are based.

**ANSWER:**


**INTERROGATORY NO. 4:**  Identify all titles or roles you have held with Defendant Plateia during the Relevant Time Period. For each such role, state your title, whether the role involved hiring

and/or firing employees, or assisting in making hiring and firing decisions, the dates such position(s) were held, and job duties of each position(s) held.

**ANSWER:**

**INTERROGATORY NO. 5:** With respect to the titles or roles depicted in your Answer to Interrogatory No. 4, for each role or title held, describe your involvement with Plateia, Inc.'s day-to-day operations, including determining rates of pay, timekeeping, and maintenance of pay and/or timekeeping records.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify all lawsuits, claims, grievances, administrative actions, charges, or investigations, other than this lawsuit, brought by or against You by any person or entity (including the name of the court or agency, the docket number, the names of the parties, and the date of filing) related to the employees at Plateia, including but not limited to workers' compensation proceedings, unemployment insurance proceedings, and wage complaints.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify all individuals who participated in answering these Interrogatories and Requests for Production, specifying which responses each participated in.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify all owners, officers, directors, shareholders, and managers that Defendant Plateia has or had during the Relevant Time Period. For each such

individual, state their name, address, position(s), dates such position(s) were held, and job duties of each position(s) held.

**ANSWER:**


**INTERROGATORY NO. 9:** With respect to Defendant Plateia, Inc., identify and describe all individuals or entities with ownership interests, including the percentage of ownership and the date such interests were acquired.

**ANSWER:**


**INTERROGATORY NO. 10:** Describe in detail the capitalization of Plateia, Inc. at its formation and at any subsequent times when additional capital was contributed.

**ANSWER:**


**INTERROGATORY NO. 11:** Identify and describe the dates and amounts of any dividends declared, distributions made, or assets transferred to any affiliated party.

**ANSWER:**


**INTERROGATORY NO. 12:** Describe the roles and functions of all officers and directors or managers and members of Plateia, Inc., including whether they were actively involved in management of Plateia, Inc., and/or other affiliated parties.

**ANSWER:**

**INTERROGATORY NO. 13:** Describe any instances where funds from Plateia, Inc. were used for personal expenses of any officer, director, or shareholder, or where personal funds were used for Plateia, Inc.'s expenses.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify and describe all corporate formalities observed by Plateia, Inc., including but not limited to the holding of shareholder and board meetings, maintenance of minutes, and the separate banking accounts for corporate and personal funds.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify and describe any personal guarantees provided by any officer, director, or shareholder of Plateia, Inc. for loans or contracts entered into by Plateia, Inc.

**ANSWER:**

**INTERROGATORY NO. 16:** Identify all loans made between Plateia, Inc. and any affiliated parties, including the terms of those loans and whether they were documented in formal agreements.

**ANSWER:**

**INTERROGATORY NO. 17:** Identify the corporate purpose of Plateia, Inc. as stated in its organizational documents, and describe how the company has fulfilled or deviated from this purpose since its formation.

**ANSWER:**

**INTERROGATORY NO. 18:** Describe any periods during which Plateia, Inc. was undercapitalized, and identify any actions taken to remedy such undercapitalization.

**ANSWER:**

**Dated:** August 22, 2024

By: */s/ Max Barack*

Max Barack
One of Plaintiff's Attorneys

The Garfinkel Group, LLC
(Lead Attorney) Max Barack
max@garfinkelgroup.com
Haskell Garfinkel
haskell@garfinkelgroup.com
Andrew Fullett
andrew@garfinkelgroup.com
701 N. Milwaukee Avenue, the CIVITAS
Chicago, IL 60642
(312) 736-7991

## <u>CERTIFICATE OF SERVICE</u>

Max Barack, an attorney, hereby certifies that he caused a copy of the attached, *Plaintiffs' First Set of Interrogatories to Defendant Petros Papadatos, individually*, to be served upon Defendants through counsel below via electronic mail on August 22, 2024.

By: */s/ Max Barack*
Max P. Barack
One of the Plaintiff's Attorneys

<u>Service List</u>
HR Law Counsel
729 South Webster Street
Suite 350C
Naperville, Illinois, 60540
Ethan G. Zelizer
ethan@hrcounsel.com

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EFREN NUNEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) | Case No: 1:23-cv-14292 |
| | ) ) | Hon. Judge Elaine E. Bucklo |
| Plaintiffs, | ) ) | Hon. Mag. Judge Young B. Kim |
| v. | ) ) | Jury Trial Demanded |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, Individually, and PETROS PAPADATOS, Individually, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT DIMIRTI DOUVLIS.

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs Efren Nuñez Rivera and Pedro Infante, on behalf of themselves and all others similarly situated, known and unknown, through their attorneys, the Garfinkel Group, LLC, hereby propound their First Set of Interrogatories to Dimitri Douvlis, individually, and state:

## INSTRUCTIONS

A. Pursuant to Rules 33 of the Federal Rules of Civil Procedure, Local Rules implementing Rules 33, as well as applicable law, Defendant Dimitri Douvlis, individually ("Douvlis") shall respond to the following Interrogatories.

B. Defendant shall answer each Interrogatory separately and fully in writing under oath, respond to each of these Interrogatories on or before thirty days from service of these discovery requests.

C.      Unless otherwise indicated, all requests pertain to the period covered by applicable the statute of limitations as defined by the First Amended Complaint, and span until present date.

D.      Unless otherwise indicated, and wherever applicable, Defendants should answer all Interrogatories in a manner responsive on behalf of both Defendants.

E.      Each interrogatory seeks information available to Defendants, their attorneys or agents, and all persons acting on their behalf.

F.      In the event a question is unanswerable, previously disclosed, and/or objectionable, the question should be answered in relevant part to the extent it is not unanswerable, previously disclosed, and/or objectionable.

G.      Where the identification of a person is requested, indicate the full first and last name, and, if applicable, middle initial, home and business address, title or occupation, employer, home and business address, title or occupation, email address, employer, home and business telephone numbers (include area code) of such person. Where the person identified is a corporation, firm or other entity, such identification should also include the name of each individual connected with such corporation, firm or entity with whom contact is made, present or last known address of such person, the telephone number (include area code), and the title or occupation of such person.

H.      Where the identification of a document is required, such identification should include the following information with respect to each document:

1.   the date appearing on such document, and if it has no date, the answer shall so state, and shall give the date or approximate date such document was prepared;

2.   the name of the person who signed such document and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

3. the general nature of description of such document (e.g., letter, memoranda, email, etc.);

4. the general description of its contents;

5. the name of each person to whom such document was addressed, including such addressee of any copy;

6. the name of the present custodian of the original or originals and of each copy thereof bearing any marking or notation not found on the original;

7. whether any draft, copy of reproduction of such document contains any postscript, notation, change or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction (in lieu of a general description of the document's contents you may attach a copy of the original and a copy of any non-identical copies).

I.     If any information or document or the identification of any document or oral communication is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please produce a privilege log, which provides sufficient information to determine the identity of the document or oral communication and state in detail the basis for any asserted claim of privilege.

J.     If responsive information or a document previously existed but has been misplaced, lost, destroyed, discarded, or is otherwise unavailable, identify the responsive information/document and any persons with knowledge of its current unavailability and state the date and circumstances leading to its unavailability.

K.     If you object to any part of an interrogatory and refuse to answer or respond to that part, state your objection and answer or respond to the remaining portion of that interrogatory. If you object to the scope or time period of an interrogatory and refuse to answer or respond for that

scope or time period, state your objection and answer or respond to the interrogatory for the scope or time period you contend is not objectionable.

L.  If any of the following interrogatories cannot be answered or responded to in full after exercising due diligence to secure the information, please so state and answer or respond to the extent possible, specifying your inability to respond to the remainder, and stating whatever information you have concerning the unanswered portions. If your answer or response is qualified in any particular way, please set forth the details of such qualification.

M.  The singular shall include the plural and vice versa, and words in one gender shall include the other gender.

## **DEFINITIONS**

(a)  (Communication:  The term "communication" as used herein means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memos, reports, contracts, drafts (both initial and subsequent), diaries, logbooks, minutes, notes, studies, surveys, and forecasts.

(b)  (b)(1) Documents:  The term "documents" as used herein means those documents referred to in Rule 34 of the Federal Rules of Civil Procedure and includes all original written, recorded, or graphic matters whatsoever and all copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telemessages, memoranda, notes, notations, work papers, transcripts, minutes, reports, and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, statistical records, desk calendars, appointment

books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilm, books of account, and all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, all pleadings and other papers filed in any court in any jurisdiction, complaints, and other papers filed with any state or federal agency, witness statements, and all things similar to any of the foregoing, however denominated. In all cases where original or non-identical copies are not available, "document" also means identical copies of original documents and non-identical copies thereof.

(b)(2) Electronically Stored Information ("ESI"): ESI shall mean (i) computer files; (ii) information contained in computer memory; (iii) information stored in storage media such as hard drives, backup tape, writeable disks, electronic messages in any format, including without limitation, emails, text and instant messages, tweets, messages sent using social media, messages sent using computers, messages sent using phones, and messages sent using cell phones; (iv) digital and analog recordings of audio and/or video stored in any format on any server or storage medium; (v) e-mails stored in any format on any server or storage medium; and, (vi) any other form of electronically stored information.

(c)     Identify (with respect to persons): When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d)     Identify (with respect to documents):  "To identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(e)     Identify (with respect to records):  "Identify" means, with respect to records, state the name and title of the person(s) who had responsibility for creating and/or maintaining the record, and explain how such records are stored, in what format, and where. If any such records have been destroyed or lost, explain the circumstances in detail.

(f)     Relevant Time Period:  The term "Relevant Time Period" shall be construed to mean from September 29, 2020, to the present.

(g)     Person:  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(h)     Concerning:  The term "concerning" means "relating to," "referring to," "describing," "evidencing," or "constituting." These terms are used interchangeably herein.

(i)     And/Or:  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(j)     Number:  The use of the singular form of any word includes the plural and vice versa.

(k)     Complaint:  The term "Complaint" shall refer to the First Amended Complaint, unless otherwise specified. "Answer" shall refer to the Answer to the First Amended Complaint, unless otherwise specified.

(l)     Definitions set forth in the Complaint and Answer:  Definitions set forth in the Complaint and Answer, if any, are incorporated.

(m)     Bates Numbers:  To the extent Defendant contends responsive documents have already been produced in connection with Defendant's Initial Disclosures, identify by Bates number documents responsive to a particular request.

(n)     Entity or Entities – refers Plateia, Inc.

(o)     Common Control – refers to any entity that has common ownership with any other entity. This includes any affiliated party's direct, indirect, or beneficial ownership of more than 50% of any other entity, whether via shareholder/member vote and/or the fmv of the entity.

(p)     Affiliated Party – any other corporation, limited liability company, partnership, trust, or individual who is either an (a) Entity, as defined above (b) shares common control and/or (b) owns directly, indirectly, or beneficially the ownership of more than 50% of any other entity, whether via shareholder/member vote and/or the fair market or book value of that entity.

(q)     Transfer Pricing Study – refers to any documented analysis whether performed by a third party or internally that is used to substantiate the pricing of goods and/or services sold or provided by affiliated parties.

(r)     Capitalization – The process of funding an entity through initial and subsequent capital contributions.

(s)     Dividends – Payments made to shareholders or members, typically from profits, and can include cash or stock.

(t)     Distributions – Transfers of money or property to shareholders or members, which can include profit distributions and return of capital.

(u)     Assets – All forms of property owned by an entity, including tangible, intangible, and financial assets.

(v)     Ownership Interests – Shares, membership units, or other forms of equity ownership in an entity.

(w)     Organizational Documents – Documents that establish and govern the operation of an entity, such as certificates of incorporation, operating agreements, and bylaws.

(x)     Financial Statements – Official records of the financial activities of an entity, including balance sheets, income statements, and cash flow statements.

(y)     Loans Made to or by the Entities – Formal and informal lending agreements between entities and affiliated parties.

(z)     Pledged as Security – Assets used as collateral to secure loans or other obligations.

(aa)    Related Party Transactions – Transactions between entities and individuals with common control or ownership.

(bb)    Management and/or Credit Support Agreements – Contracts that outline the management roles and credit support provided between entities and affiliated parties.

(cc)    Arms-Length Pricing – The principle that transactions between affiliated parties should be conducted as if they were between unrelated parties, ensuring fair market value.

(dd)    The term "Day-to-Day Operations" refers to the routine, everyday activities conducted by or on behalf of Plateia, Inc. that are essential to the management, administration, and functioning of the business. This includes, but is not limited to, decision-making regarding employee hiring, firing, scheduling, payroll, managing financial transactions, maintaining records, overseeing production or service delivery, and interacting with customers, vendors, and other third parties.

(ee)    The term "Affiliated Entities" refers to any business, corporation, partnership, trust, or other entity that, directly or indirectly, controls, is controlled by, or is under common control with Plateia, Inc. "Control" for this purpose means the ownership, whether direct, indirect, or beneficial, of more than 50% of the voting stock or other ownership interests of an entity, or the power to direct or cause the direction of the management and policies of such entity, whether through ownership of voting securities, by contract, or otherwise.

(ff)    The term "Corporate Formalities" refers to the legally required procedures and practices that a corporation must follow to maintain its status as a separate legal entity distinct from its shareholders, directors, and officers. This includes, but is not limited to:

    i.   Holding Regular Meetings: Conducting and documenting annual shareholder meetings and regular board of directors meetings.

    ii.   Maintaining Minutes: Keeping accurate and detailed minutes of all shareholder, board of directors, and committee meetings, reflecting the decisions made and actions taken during these meetings.

    iii.   Adopting and Adhering to Bylaws: Creating and adhering to the corporation's bylaws, which govern the internal management and operation of the corporation.

    iv.   Issuing Stock: Issuing stock certificates to shareholders, recording stock ownership in the corporate books, and maintaining records of all stock transfers.

    v.   Separate Financial Accounts: Maintaining separate bank accounts and financial records for the corporation, distinct from the personal accounts of any shareholders, directors, or officers.

    vi.   Filing Required Documents: Filing all necessary state and federal documents, such as annual reports, tax returns, and other required filings, in a timely manner.

    vii.   Documenting Major Decisions: Creating and maintaining records of major corporate decisions, including resolutions adopted by the board of directors.

    viii.   Compliance with Laws: Ensuring that the corporation complies with all applicable laws, regulations, and statutory requirements governing its operations.

**Instructions on Searching for and Production of Electronically Stored Information**

(1)     Where ASCII search strings are sought, Defendants are directed to search for responsive ESI by running a system-wide keyword search using the ASCII search strings identified below in Plaintiff's ESI requests. Unless otherwise noted, defendant should search for ASCII strings by searching for ESI where the ASCII characters appear in exactly the order specified. In other words, if the string sought is **qwerty asdfgh** defendant should search for ESI in which exactly those letters and spaces appear in exactly that order. Only if the demand expressly so requests, should defendant search for all ESI in which both **qwerty** and **asdfgh** appear. Under no circumstances should defendant search for ESI in which other combinations of the same characters appear.

(2) Where image files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for potentially responsive files, and produce such files.

(3) Where sound and video recording files are sought, Defendants are directed to search for responsive ESI by running a system-wide search for any other potentially responsive files, and produce such responsive files.

(4) When a system-wide search is not possible, explain why, and what types of searches are possible.

(5)     ESI may generally be produced in the least expensive searchable format. Searchable PDF or TIF files are acceptable. When emails are produced their full header must be visible.

(6)     ESI which must be produced in native format are: standard image file formats, standard audio or video recording files and standard spread sheet files. If such Electronically Stored Information is stored in proprietary non-standard files we will ask you to translate or convert the files to a standard format.

(7)     Digital files may be produced via e-mail to the email address below or by delivering a disk to the undersigned address.

(7a)     If an email is responsive to a demand, defendant must produce the entire chain.

(8)     Native paper documents may be produced as scanned .tif or .pdf files (by email or on disk), or may be produced as paper copies.

(9)     To the extent these instructions contradict a written agreement among the parties or a court order such agreement or order shall be supersede these instructions.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify all persons, including external third parties, with knowledge of facts relating to the allegations, defenses, or other matters in the Complaint or Answer. For each person, describe the specific facts they know.

**ANSWER:**


**INTERROGATORY NO. 2:**  Identify all persons with possession, custody, or control of documents related to the allegations and defenses in the Complaint or Answer. Describe the documents each person possesses.

**ANSWER:**


**INTERROGATORY NO. 3:**  Do you expect to call any witnesses at trial? If so, identify all actual and potential witnesses; and, with respect to each witness, describe the facts and opinions to which he or she is expected to testify, a summary of the grounds, and the identity of any documents upon which such facts or opinions are based.

**ANSWER:**


**INTERROGATORY NO. 4:**  Identify all titles or roles you have held with Defendant Plateia during the Relevant Time Period. For each such role, state your title, whether the role involved hiring

and/or firing employees, or assisting in making hiring and firing decisions, the dates such position(s) were held, and job duties of each position(s) held.

**ANSWER:**


**INTERROGATORY NO. 5:** With respect to the titles or roles depicted in your Answer to Interrogatory No. 4, for each role or title held, describe your involvement with Plateia, Inc.'s day-to-day operations, including determining rates of pay, timekeeping, and maintenance of pay and/or timekeeping records.

**ANSWER:**


**INTERROGATORY NO. 6:** Identify all lawsuits, claims, grievances, administrative actions, charges, or investigations, other than this lawsuit, brought by or against You by any person or entity (including the name of the court or agency, the docket number, the names of the parties, and the date of filing) related to the employees at Plateia, including but not limited to workers' compensation proceedings, unemployment insurance proceedings, and wage complaints.

**ANSWER:**


**INTERROGATORY NO. 7:** Identify all individuals who participated in answering these Interrogatories and Requests for Production, specifying which responses each participated in.

**ANSWER:**


**INTERROGATORY NO. 8:** Identify all owners, officers, directors, shareholders, and managers that Defendant Plateia has or had during the Relevant Time Period. For each such

individual, state their name, address, position(s), dates such position(s) were held, and job duties of each position(s) held.

**ANSWER:**

**INTERROGATORY NO. 9:**  With respect to Defendant Plateia, Inc., identify and describe all individuals or entities with ownership interests, including the percentage of ownership and the date such interests were acquired.

**ANSWER:**

**INTERROGATORY NO. 10:**  Describe in detail the capitalization of Plateia, Inc. at its formation and at any subsequent times when additional capital was contributed.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify and describe the dates and amounts of any dividends declared, distributions made, or assets transferred to any affiliated party.

**ANSWER:**

**INTERROGATORY NO. 12:**       Describe the roles and functions of all officers and directors or managers and members of Plateia, Inc., including whether they were actively involved in management of Plateia, Inc., and/or other affiliated parties.

**ANSWER:**

**INTERROGATORY NO. 13:** Describe any instances where funds from Plateia, Inc. were used for personal expenses of any officer, director, or shareholder, or where personal funds were used for Plateia, Inc.'s expenses.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify and describe all corporate formalities observed by Plateia, Inc., including but not limited to the holding of shareholder and board meetings, maintenance of minutes, and the separate banking accounts for corporate and personal funds.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify and describe any personal guarantees provided by any officer, director, or shareholder of Plateia, Inc. for loans or contracts entered into by Plateia, Inc.

**ANSWER:**

**INTERROGATORY NO. 16:** Identify all loans made between Plateia, Inc. and any affiliated parties, including the terms of those loans and whether they were documented in formal agreements.

**ANSWER:**

**INTERROGATORY NO. 17:** Identify the corporate purpose of Plateia, Inc. as stated in its organizational documents, and describe how the company has fulfilled or deviated from this purpose since its formation.

**ANSWER:**

**INTERROGATORY NO. 18:** Describe any periods during which Plateia, Inc. was undercapitalized, and identify any actions taken to remedy such undercapitalization.

**ANSWER:**

**Dated:** August 22, 2024

By: */s/ Max Barack*

Max Barack
One of Plaintiff's Attorneys

The Garfinkel Group, LLC
(Lead Attorney) Max Barack
max@garfinkelgroup.com
Haskell Garfinkel
haskell@garfinkelgroup.com
Andrew Fullett
andrew@garfinkelgroup.com
701 N. Milwaukee Avenue, the CIVITAS
Chicago, IL 60642
(312) 736-7991

## <u>CERTIFICATE OF SERVICE</u>

Max Barack, an attorney, hereby certifies that he caused a copy of the attached, *Plaintiffs' First Set of Interrogatories to Defendant Dimitri Douvlis, individually*, to be served upon Defendants through counsel below via electronic mail on August 22, 2024.

By: */s/ Max Barack*
Max P. Barack
One of the Plaintiff's Attorneys

<u>Service List</u>
HR Law Counsel
729 South Webster Street
Suite 350C
Naperville, Illinois, 60540
Ethan G. Zelizer
ethan@hrcounsel.com

# EXHIBIT 6

**Tuesday, November 26, 2024 at 18:04:53 Eastern Standard Time**

| | |
|---|---|
| **Subject:** | Re: Discovery Correspondence - LR 37.2, FRCP 33, 34, & 37 |
| **Date:** | Thursday, October 10, 2024 at 4:11:45 PM Eastern Daylight Time |
| **From:** | John Liston |
| **To:** | Max Barack, Ethan Zelizer (Work) |
| **CC:** | Haskell Garfinkel, John Liston, Gabriella Fanter |
| **Attachments:** | image002.jpg, image001.jpg |

Max,

Yes, that works for Ethan.

Best,

John

**From:** Max Barack <max@garfinkelgroup.com>
**Sent:** Thursday, October 10, 2024 1:04 PM
**To:** John Liston <john@listonlegal.com>; Ethan Zelizer (Work) <ethan@hrlawcounsel.com>
**Cc:** Haskell Garfinkel <haskell@garfinkelgroup.com>; John Liston <john@hrlawcounsel.com>; Gabriella Fanter <gabriella@garfinkelgroup.com>
**Subject:** Re: Discovery Correspondence - LR 37.2, FRCP 33, 34, & 37

John,

I have a call scheduled at 10am. I can speak at 10:30, let me know if that works.

Best,
Max

Max P. Barack
Partner / Member / Head of Litigation

GARFINKEL
GROUP, LLC

701 N. Milwaukee Avenue
The CIVITAS
Chicago IL 60642
Tel: (312)-736-7991 Ext. 2
Fax: (312) 549-9623
http://garfinkelgroup.com
(Pronouns: Mr./Him/His)

CONFIDENTIALITY NOTE:

This e-mail and attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution or use of this e-mail or attachment is prohibited. If you have received this e-mail in error, notify us immediately and delete it from your system.



On 10/10/24, 12:59 PM, "John Liston" <john@listonlegal.com> wrote:

Max,

Ethan asked me to see if you are available for a call to discuss discovery at 10:00 a.m. Tomorrow, Friday, October 11th.

Best,

John

---

**From:** Max Barack <max@garfinkelgroup.com>
**Sent:** Monday, October 7, 2024 10:11 AM
**To:** Ethan Zelizer (Work) <ethan@hrlawcounsel.com>
**Cc:** Haskell Garfinkel <haskell@garfinkelgroup.com>; John Liston <john@hrlawcounsel.com>; John Liston <john@listonlegal.com>; Gabriella Fanter <gabriella@garfinkelgroup.com>
**Subject:** Re: Discovery Correspondence - LR 37.2, FRCP 33, 34, & 37

Ethan,

I hope you're doing well. I'm writing to follow up on Defendants' Responses to Plaintiffs' Requests for Production of Documents and Answers to Plaintiffs' First Set of Interrogatories, which were due by September 23, 2024. We have not yet received them.

On September 27, 2024, we sent you a letter pursuant to Federal Rules of Civil Procedure 33, 34, and 37, as well as Northern District of Illinois Local Rule 37.2, requesting that you produce Defendants' overdue responses by October 1. We also asked for your availability to meet and confer pursuant to Local Rule 37.2 by no later than October 4, 2024, if the responses were not provided. Unfortunately, Defendants have once again failed to respond, and their written responses remain overdue. Additionally, Defendants have not complied with the meet-and-confer requirements under both federal and local rules.

As you know, Local Rule 37.2 requires the parties to meet and confer before the aggrieved party can file a motion to compel. However, ongoing non-responsiveness from the opposing party may excuse this requirement. See *Boyd v. Lazer Spot, Inc.*, 2022 WL 2865881, at *1 (N.D. Ill. July 6, 2022) (quoting *Cage v. Harper*, 2020 WL 1248685, at *21 (N.D. Ill. Mar. 16, 2020)) ("Local Rule 37.2 was not meant to provide for an endless stream of discussions between counsel on discovery disputes.").

Please respond to this email by no later than Wednesday, October 9, or we will have no choice but to file

our second motion to compel as a result of Defendants' non-responsiveness in the instant litigation.

Sincerely,
Max

Max P. Barack
Partner / Member / Head of Litigation



701 N. Milwaukee Avenue
The CIVITAS
Chicago IL 60642
Tel: (312)-736-7991 Ext. 2
Fax: (312) 549-9623
http://garfinkelgroup.com
(Pronouns: Mr./Him/His)

CONFIDENTIALITY NOTE:
This e-mail and attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution or use of this e-mail or attachment is prohibited. If you have received this e-mail in error, notify us immediately and delete it from your system.



On 9/27/24, 10:40 AM, "Max Barack" <max@garfinkelgroup.com> wrote:

Ethan,

I am writing pursuant to Federal Rules of Civil Procedure 33, 34, and 37, as well as Northern District of Illinois Local Rule 37.2. On August 22, 2024, Plaintiffs served Defendants with Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents. Under Rules 33 and 34, Defendants were required to respond within 30 days, with the deadline falling on Monday, September 23, 2024, allowing for the weekend.

It has now been 36 days since service, and Defendants have not provided their responses. Please produce Defendants' overdue discovery responses no later than Tuesday, October 1, 2024. If responses are not provided by that date, kindly provide your availability to discuss Defendants' failure to comply, pursuant to Rule 37.2, by October 4, 2024.

Sincerely,
Max
Max P. Barack
Partner / Member / Head of Litigation



GARFINKEL
GROUP, LLC

701 N. Milwaukee Avenue
The CIVITAS
Chicago IL 60642
Tel: (312)-736-7991 Ext. 2
Fax: (312) 549-9623
http://garfinkelgroup.com
(Pronouns: Mr./Him/His)

CONFIDENTIALITY NOTE:
This e-mail and attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution or use of this e-mail or attachment is prohibited. If you have received this e-mail in error, notify us immediately and delete it from your system.

