IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Efren Nunez Rivera and Pedro Infante, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 23 C 14292 |
| Plateia, Inc., d/b/a Mediterranean Kitchen Bar; Dimitri Douvlis, individually; and Petros Papadatos, individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

Plaintiffs Efren Nunez Rivera and Pedro Infante worked as line cooks at Plateia, Inc., d/b/a Mediterranean Kitchen Bar, which is owned and operated by Dimitri Douvlis and Petros Papadatos. They bring this suit on behalf of themselves and others similarly situated, alleging defendants failed to pay overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, as well as state and local wage laws. Plaintiffs move for conditional certification of a collective action and issuance of notice to potential opt-in members with respect to their FLSA

claim. Defendants failed to respond to the motion by the deadline provided. I grant the motion for the reasons below.

The FLSA authorizes employees to bring claims in a collective action on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). The Seventh Circuit has observed that district courts have "wide discretion to manage collective actions." *Alvarez v. City of Chi.*, 605 F.3d 445, 449 (7th Cir. 2010) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)). Courts in this district exercise this discretion by employing a two-step process to decide whether a FLSA suit should proceed as a collective action. *Jirak v. Abbott Lab'ys, Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008).

The first step is conditional certification, "a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011) (citation omitted). At this stage, plaintiffs need only make a "modest factual showing" to demonstrate that they and other potential claimants "were victims of a common policy or plan that violated the law." *Russell v. Ill. Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (quoting *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)). Plaintiffs can carry their burden by offering "some evidence in

2

the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a common policy that violated the law." *Lieberman v. Altounion Constr., Inc.*, No. 19-cv-0910, 2019 WL 6467321, at *2 (N.D. Ill. Dec. 2, 2019) (quoting *Pieksma v. Bridgeview Bank Mortg. Co.*, No. 15 C 7312, 2016 WL 7409909, at *1 (N.D. Ill. Dec. 22, 2016)).

Plaintiffs seek to conditionally certify the following FLSA overtime collective:

> All persons who have been employed as hourly, non-tipped employees by the Defendants at any time between September 29, 2020, and the present. This includes both current and former hourly employees including line cooks, bussers, dishwashers, and food runners within the three (3) years prior to the filing of this action through and including the present, and until final resolution of this case.

Proposed Notice, ECF 20-1 at 2. In support of this proposed collective, each named plaintiff submitted a declaration describing how they and other line cooks, plus bussers, dishwashers, and food runners, regularly worked in excess of 40 hours per week, but were not paid at the required overtime rate for those excess hours. *See* Nunez Rivera Decl., ECF 20-3 ¶¶ 10-11, 13-14, 16, 18; Infante Decl., ECF 20-4 ¶¶ 11, 14, 16-18. They state that they would receive a payroll check at their regular rate of pay for the first 40 hours worked in a week, and an envelope of cash at that same rate for any overtime hours. *See* Nunez Rivera

3

Decl. ¶ 17; Infante Decl. ¶ 19. These declarations are adequate to support conditional certification of plaintiffs' proposed collective.

Plaintiffs' proposed notice, ECF 20-1, to which defendants have raised no objection, is also proper. It is common to permit distribution of FLSA opt-in notices by mail, email, and text message, as plaintiffs request. *See Grosscup v. KPW Mgmt., Inc.*, 261 F. Supp. 3d 867, 880 (N.D. Ill. 2017) (collecting cases permitting email notice); *Brashier v. Quincy Prop., LLC*, No. 3:17-CV-3022, 2018 WL 1934069, at *6–7 (C.D. Ill. Apr. 24, 2018) (permitting text message notice). It is also appropriate in this case, in which plaintiffs aver many employees speak Spanish, to include Spanish-language opt-in notices, since doing so will aid eligible Spanish-speaking employees in opting in. *See Hunter v. WirelessPCS Chi. LLC*, No. 18 CV 980, 2022 WL 864533, at *13 (N.D. Ill. Mar. 23, 2022) (granting request to include version of FLSA opt-in notice in Spanish); *Pizano v. Big Top Party Rentals, LLC*, No. 15-cv-11190, 2018 WL 2193245, at *7 (N.D. Ill. May 14, 2018) (same). The remainder of the notice procedures--including the 90-day opt-in period, as well as permission to send one reminder notice during the opt-in period--are also permissible as proposed. *See Campbell v. Marshall Int'l, LLC*, 623 F. Supp. 3d 927, 936 (N.D. Ill. 2022) (permitting 90-day opt-in period and reminder notice).

To facilitate notice, defendants must, within 21 days of this order, produce a list of potential opt-in plaintiffs' names; last-known mailing addresses, telephone numbers, and email addresses; and dates of employment.

For the foregoing reasons, plaintiffs' proposed collective action is conditionally certified pursuant to 29 U.S.C. § 216(b), and plaintiffs may send their proposed notice (with date placeholders updated) by first class mail, email, and text message. Defendants shall, within 21 days of this order, produce to plaintiffs the information identified above.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 8, 2025