UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EFREN NUNEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) | No. 23 CV 14292 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS and PETROS PAPADATOS, | ) ) ) ) ) ) | |
| Defendants. | ) ) | February 19, 2025 |

**REPORT and RECOMMENDATION**

For the following reasons, this court reports and recommends that the presiding District Judge enter a default judgment in favor of Plaintiffs and against all Defendants:

**Analysis**

About 18 months ago, on September 29, 2023, Plaintiffs filed this hybrid collective and class action against Defendants for violating the Fair Labor Standards Act, 29 U.S.C. § 201, the Illinois Minimum Wage Law, 820 ILCS 105/1, and the Cook County Minimum Wage Ordinance, Cook County, Ill. Municipal Code, § 42-11. (R. 1, Compl.) Plaintiffs claim that Defendants failed to pay them overtime wages for the hours worked over 40 hours in a workweek. On October 11, 2023, Defendants executed a waiver of service, requiring them to answer or otherwise

plead to the complaint by November 28, 2023. (R. 5.) On the day when Defendants were required to file a responsive pleading, their attorney filed his appearance and moved for an extension of time until December 19, 2023, to file a responsive pleading. (R. 7.) The court granted the motion the following day. (R. 8.)

Defendants did not file and has never filed an answer or any other responsive pleading to the complaint. However, the parties did file a Rule 26(f) report laying out a schedule for completing discovery in this case. (R. 10 at 1-2.) The court adopted the discovery schedule the parties proposed and ordered that fact discovery be completed by August 1, 2024. (R. 11.) But on June 10, 2024, in response to the parties' joint motion, the court stayed all proceedings to allow the parties to complete their settlement discussions. (R. 17.) The parties were not able to resolve the case, so the court entered an order on August 22, 2024, directing the parties to complete fact discovery by February 1, 2025. (R. 19.)

A week later, Plaintiffs moved for conditional certification pursuant to 29 U.S.C. § 216(b) to permit others similarly situated to Plaintiffs to join this lawsuit. (R. 20.) Plaintiffs also engaged filed a motion to compel to secure discovery from Defendants. (See R. 24.) According to the motion to compel, Defendants failed to produce their initial disclosures by August 22, 2024, and failed to respond to Plaintiffs' efforts to discuss the missing disclosures. (Id. at 2.) The court ordered Defendants to file a response to both motions by October 8, 2024. (R. 26; R. 29.) Defendants did not respond to the motion to compel and, consequently, on October

2

15, 2024, the court ordered them to produce their initial disclosures by October 22, 2024. (R. 29.)

On November 14, 2024, the parties filed a joint status report indicating that Defendants failed to comply with the court's October 15, 2024 order by failing to produce their initial disclosures. (R. 30 at 1.) The report also represents that Plaintiffs served their written discovery requests on Defendants, but they remain unanswered. (Id.) Notably, Defendants' attorney of record signed the report confirming the accuracy of the information. (Id. at 2.) The report also updated the court that the parties scheduled a private mediation to be held on November 22, 2024.

Four days after an unsuccessful private mediation, on November 26, 2024, Plaintiffs moved for sanctions and to compel discovery responses. (R. 31.) In the same motion, Plaintiffs seek the entry of a default judgment in their favor. (Id.) The court scheduled a hearing to take place on this motion for December 13, 2024, at 10:00 a.m. The docket does not show whether a hearing took place as scheduled, but Defendants did not appear for the scheduled hearing. (R. 35.) Instead, Defendants filed a motion asking the court to schedule a status hearing—representing to the court that the parties "came close to settlement"—so that the parties could update the court on their continued settlement efforts. (Id.) Plaintiffs filed a response to the motion and disagreed that the parties are close to resolving the case. (R. 36.)

3

On January 8, 2025, the court granted Plaintiffs' motion for conditional certification and Defendants' motion for a status hearing. (R. 39; R. 41.) The matter was also referred to this court to resolve the motion for sanctions and to supervise discovery. (R. 40; R. 42.) As part of the ruling granting conditional certification, the court ordered Defendants "to produce a list of potential opt-in plaintiffs' names; last-known mailing addresses, telephone numbers, and email addresses; and dates of employment" to Plaintiffs by January 29, 2025. (R. 39, Mem. Op. and Order at 5.)

Two days after the referral order, this court scheduled a status hearing to take place on January 17, 2025. (R. 43.) This court held a hearing as scheduled, but Defendants did not appear for the hearing. (R. 44.) As such, the court ordered Defendants to file a response to Plaintiffs' motion for sanctions and to compel by January 31, 2025, and reminded them of their obligations "to produce certain information about their former and present employees" by January 29, 2025. (Id.) Based on the history of this case, this court also ordered Plaintiffs to file a motion for sanctions by February 5, 2025, if Defendants fail to comply with the order. (Id.) On February 3, 2025, Plaintiffs filed their motion for sanctions as directed because Defendants again failed to comply with the court's orders. (R. 45.) This court then allowed Defendants to file a response to the second motion for sanctions by February 14, 2025, but they did not file anything in response.

Given Defendants' history of failing to answer the complaint, failing to comply with multiple court orders, and failing to engage in discovery, this court

4

reports and recommends that the presiding District Judge exercise her discretion and enter a default judgment against Defendants. *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) ("We review the district court's grant of default judgment only for an abuse of discretion."). The record here presents a clear pattern of "delay [and] contumacious conduct." *Id*. Plaintiffs should not be forced to incur additional costs or delay to have a judgment entered in their favor. The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

This court also recommends that the presiding District Judge hold Defendants Dimitri Douvlis and Petros Papadatos in civil contempt. The court has inherent and statutory authority to enter a contempt sanction. *See Spallone v. United States*, 493 U.S. 265, 276 (1990) ("[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt."); *see also* 18 U.S.C. § 401(3) (indicating that a federal court has power to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" as "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command"). Here, Plaintiffs seek to hold Defendants in civil contempt, and therefore must demonstrate by clear and convincing evidence that: (1) a court order sets forth an unambiguous command; (2) Defendants violated that command; (3) the violation was significant, in that Defendants did not substantially comply with the

5

order; and (4) Defendants failed to make a reasonable and diligent effort to comply. *SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

Plaintiffs have satisfied each of these conditions. The court directed Defendants to "to produce a list of potential opt-in plaintiffs' names; last-known mailing addresses, telephone numbers, and email addresses; and dates of employment" to Plaintiffs by January 29, 2025. According to the motion, Defendants ignored this order, (R. 45 at 4), and Defendants have not filed an opposition disagreeing with the assertions or offering any explanation for not complying with the court's order. As such, the presiding District Judge should enter an order giving Douvlis and Papadatos two business days to provide the necessary information the court ordered on January 8, 2025, with the possibility of more severe sanctions, including imprisonment, in the event of noncompliance.[1]

## Conclusion

For the foregoing reasons, this court recommends entry of a default judgment against all Defendants and an order holding Dimitri Douvlis and Petros Papadatos in civil contempt and requiring Douvlis and Papadatos to produce the missing contact information to Plaintiffs within two business days. Defendants have 14 days from the date of service of this Report and Recommendation to file objections with the presiding District Judge. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

---

[1] Plaintiffs also seek to stay the notice and opt-in period, but this is not necessary because the court has already ordered that their obligation to send notices to the others is not triggered until Defendants produce the necessary information. (See R. 39 at 5.)

Failure to object constitutes a waiver of the right to appeal. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011).

                              **ENTER:**

                              _____
                              **Young B. Kim**
                              **United States Magistrate Judge**