IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EFREN NUNEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | Case No: 1:23-cv-14292 |
| | Hon. Judge Elaine E. Bucklo |
| Plaintiffs, | Hon. Mag. Judge Young B. Kim |
| v. | Jury Trial Demanded |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, Individually, and PETROS PAPADATOS, Individually, | |
| Defendants. | |

## OBJECTIONS TO THE HONORABLE MAGISTRATE JUDGE KIM'S REPORT & RECCOMENDATION

**INTRODUCTION**

In mid-February, the undersigned counsel clearly communicated to Plaintiffs' counsel that he would not be contesting Plaintiffs' motion and that he would stipulate to a reasonable sanction amount to avoid further court proceedings. He then requested that Plaintiffs' counsel make a proposal. That did not occur, and Plaintiffs proceeded with their motion practice. Defendants have allocated every available dollar to settling this lawsuit. They have attempted to avoid motion practice and discovery disputes so not to unnecessarily feed the lawyers. Yet, despite their good-faith efforts, Defendants are now staring down the barrel of severe sanctions. Plaintiffs' counsel has used his motion practice to leverage a higher settlement value – a common litigation tactic that is, in and of itself, not objectionable. However, when opposing counsel is purposely nonresponsive to good faith efforts to resolve issues in the litigation – as well as the entire lawsuit itself – that lack of candor to counsel and the Court serves

1

nobody's interests. Accordingly, for the reasons stated below, Defendants respectfully request that the Court sustain their objections to Magistrate Kim's Report and Recommendation and provide any further appropriate relief.

**RELEVANT TIMELINE**

On May 2, 2024, the parties informed this Court that they were engaged in "active settlement discussions" to avoid litigation costs. The case was stayed on June 10, 2024, until August 22, 2024, while the parties engaged in informal discovery and settlement discussions. During the stay, Defendants provided the very information that Plaintiff now claims was withheld or otherwise not produced (i.e., the names and contact information for all employees in the putative class).

The parties engaged in a full-day private mediation before Hon. John P. Callahan, Jr., (Ret.) on November 22, 2024. The parties had come close to resolution but remained approximately ~$50,000 apart ($290,000 v. $340,000). On December 3, 2024, Judge Callahan recommended a remote session to consider a mediator's proposal. To that end, several calls and e-mails were exchanged through the end of the year. Judge Callahan made his mediator's proposal of $325,000 on January 3, 2025. Defendant accepted the mediator's proposal on January 7, 2025, while Plaintiffs rejected it. JAMS closed the mediation and Defendants paid the entire JAMS bill. On February 5, 2025, Defendants' counsel requested confirmation of Plaintiff's final demand at the mediation. Plaintiffs' counsel responded on February 7, 2025, stating that his client's best and final offer was $500,000.

On February 14, 2025, Defendants' counsel wrote Plaintiffs' counsel regarding various subjects. First, the undersigned attorney stated that he would not oppose Plaintiffs' motion practice and would agree to a reasonable sanction to avoid further court proceedings. Defendants' counsel invited Plaintiffs' counsel to make a proposal. Plaintiffs' counsel did not respond. Second, Defendants' counsel confirmed that he would have a 30(b)(6) deponent ready and available for the date

2

and time noticed by Plaintiffs' counsel. Plaintiffs' counsel did not respond. Third, Defendants' counsel requested available dates to depose Plaintiffs. Plaintiffs' counsel did not respond. Finally, in a separate e-mail, Defendants' counsel communicated, *inter alia*, the following:

> Bluntly, my client has reason to believe that you have not communicated our last settlement position to your named plaintiffs. As you know, Plateia accepted the mediator's proposal of $325,000. Over the last month, employees at Plateia have disclosed communications with Mr. Nunez and Mr. Rivera, stating that they wanted to settle the case and that they were unaware of the mediator's proposal. Employees have also reported that your named plaintiffs do not appreciate that the case is continuing but could have concluded had the mediator's proposal been accepted. To be clear, I have not had discussions with any hourly employees at Plateia about this matter. Nor have I suggested that my client should have communications in this regard. I am told that it is Mr. Rivera and Mr. Nunez who are expressing their concerns over the continuance of this lawsuit and their lack of understanding as to the compensation offered. To lend credence to these statements, I am told that these communications also included comments about immigration issues in light of recent national developments. I did not ask for any further clarification on this immigration point as it has no bearing on whether your clients can proceed in this lawsuit. Finally, employees have suggested that Mr. Nunez and Mr. Rivera are confused about their ability to accept a settlement and that the "lawyer" is running the case. My client has asked that I confirm with you that Mr. Nunez and Mr. Rivera: (1) understand the mediator's proposal and the monetary proceeds they would receive, if accepted; and (2) wish to continue litigation in spite of the settlement offer (mediator's proposal). Please provide a clear and precise response to this inquiry. Finally, please confirm your availability and that of your clients for their depositions on any of the following dates: 3/14, 3/17, 3/21, 3/24 and 3/28.

Again, Plaintiffs' counsel did not respond.

Defendants are aware that Plaintiffs continue to engage in motion practice, resulting in the Magistrate Judge's Report and Recommendation and further costs and fees. To date, Defendants have been clear in their direction to the undersigned counsel to allocate all available funds to settlement. To that end, Defendants have directed counsel to increase their settlement offer well above the mediator's proposal to a final offer of $405,000 and that was communicated to Plaintiffs' counsel earlier this week.

In doing so, Defendants have utilized every dollar that would otherwise go to legal fees and costs in a last-ditch effort to resolve this lawsuit.[1]

**CONCLUSION AND REQUEST FOR MISCELLANEOUS RELIEF**

Almost a year ago, the parties to this case informed this Court that they were proceeding with active settlement discussions to avoid litigation costs. The Court assisted that request by granting a stay to facilitate that settlement. The parties were on the precipice of settling this case at mediation in November and Defendants had accepted the mediator's proposal in early January. Thereafter, Plaintiffs' counsel went silent, engaging in motion practice to leverage settlement rather than simply negotiating the actual settlement. Plaintiffs' complaints about not receiving a current and former employee list with contact information rings hollow. Plaintiffs' counsel has had the entire list and contact information for the putative class since July 2024.

Put plainly, this litigation continues because Plaintiffs' counsel has refused to engage in good faith discussions while simultaneously driving up legal fees and costs. It is an unworkable dynamic. Accordingly, Defendants respectfully request that the Court sustain their objections to Magistrate Kim's recommendations of the entry of a default judgment and an order holding the individual defendants in civil contempt. Defendants further request the opportunity to be heard on this subject and the litigation generally. Defendants are requesting miscellaneous relief and a status conference before the Magistrate to candidly discuss the litigation to date and the parties' inability to resolve this lawsuit. Defendants' resources are finite and, to the extent possible, they request that the Court hear from the parties, rather than requiring further briefing, fees, and costs.

---

[1] Counsel recognizes that it is unusual to disclose the details of a settlement negotiation. However, at the request of his clients, the undersigned counsel has provided detail on these negotiations to ensure that the parties of record are aware of the offers and representations made to date.

Dated this 5th day of March, 2025.

                                                Respectfully Submitted,

                                                HR Law Counsel LLC

                                                By: */s/ Ethan G. Zelizer*

                                                HR Law Counsel
                                                29 Main Street
                                                Suite 350-C
                                                Naperville, IL 60540
                                                ethan@hrlawcounsel.com


**CERTIFICATE OF SERVICE**

    I certify that on March 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/: Ethan G. Zelizer
Ethan G. Zelizer

HR Law Counsel
29 Main Street
Suite 350-C
Naperville, IL 60540
ethan@hrlawcounsel.com