IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Efren Nunez Rivera and Pedro Infante, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 23 C 14292 |
| Plateia, Inc., d/b/a Mediterranean Kitchen Bar; Dimitri Douvlis, individually; and Petros Papadatos, individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Order

Plaintiffs Efren Nunez Rivera and Pedro Infante filed this hybrid collective and class action on September 29, 2023, claiming that defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, the Illinois Minimum Wage Law, 820 ILCS 105/1, and the Cook County Minimum Wage Ordinance, Cook County, Ill. Municipal Code, § 42-11. Proceedings never got off the ground, however, because although defendants executed a waiver of service and an attorney filed an appearance on their behalf, they never answered the complaint; never made initial disclosures as required by Fed. R. Civ. P. 26(a); never responded to plaintiff's requests for

discovery; and serially ignored court orders requiring them to do these things. At the parties' request, I stayed the case from June to August of 2024 while they undertook settlement discussions. After these did not yield a resolution, plaintiffs moved for conditional certification and issuance of notice, but the case continued to stagnate, as defendants failed to respond to this motion or participate in discovery. The parties participated in a day-long mediation in November of 2024, but those efforts similarly failed to bear fruit.

Ultimately, plaintiffs moved for a default judgment, civil contempt, sanctions, and an order compelling defendants to provide complete contact information for putative class members. While this motion was pending before Magistrate Judge Kim, to whom I had referred the case to oversee discovery, I granted plaintiffs' unopposed motion for conditional certification and issuance of notice. On February 19, 2025, Judge Kim issued a Report and Recommendation in which he concluded that plaintiffs' motion was meritorious and should be granted. I agree.

Although defendants filed a timely objection to Judge Kim's Report and Recommendation, they point to no legal or factual error in his analysis. To the contrary, with one exception, they concede all of the shortcomings, omissions, and violations that plaintiffs

attribute to them,[1] and their objection cites no legal authority. Instead, defendants insist that they have engaged in good-faith efforts to resolve plaintiffs' claims through settlement negotiations and mediation and argue that plaintiffs' failure to accept their settlement offers or continue with negations suggests bad faith on plaintiffs' (or their attorneys') fault. But even good-faith efforts to settle the case do not excuse defendants' persistent failure to comply with their discovery obligations and explicit court orders.

It is true that "[d]efault judgment is strong medicine for discovery abuse," *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014), I agree with Judge Kim that it is warranted here in view of defendants' unbroken record of non-compliance with the Federal Rules of Civil Procedure and court orders containing "unambiguous command[s]." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). Accordingly, I adopt Judge Kim's Report and Recommendations, enter a default judgment against all Defendants, and hold Dimitri Douvlis and Petros Papadatos in civil contempt. These defendants must produce the missing contact information for

---

[1] Defendants assert that during the stay, the parties engaged in "informal discovery" during which they provided plaintiffs with the names and contact information for the putative collective and class members. Defendants do not dispute, however, that while they gave plaintiffs names and addresses for these individuals, they failed to provide the email addresses and phone numbers that plaintiffs requested.

putative collective and class members to plaintiffs within two business days or risk further sanctions.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 14, 2025