IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EFREN NUNEZ RIVERA, and PEDRO INFANTE, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) Case No: 1:23-cv-14292 ) ) Hon. Judge Elaine E. Bucklo ) |
| Plaintiffs, | ) Hon. Mag. Judge Young B. Kim ) |
| v. | ) Jury Trial Demanded ) |
| PLATEIA, INC., d/b/a MEDITERRANEAN KITCHEN BAR, DIMITRI DOUVLIS, Individually, and PETROS PAPADATOS, Individually, | ) ) ) ) ) |
| Defendants. | ) |

**Plaintiff's Status Report on Defendants'**
**Compliance with the Court Orders of March 14 and 15, 2025**

Compliance with Court Orders:

Plaintiffs file this status report pursuant to the Court's March 15, 2025 Order, and to update the Court on Defendants' progress with complying with the orders of March 14 and 15.

On March 14, 2025, Judge Bucklo issued an Order: 1) adopting this Court's Report and Recommendations; 2) entering a default judgement against all Defendants; 3) holding individual Defendants Douvlis and Papadatos in civil contempt; and 4) ordering Defendants to produce the missing contact information for putative collective and class members within two days or risk further sanctions. ECF No. 52, pp. 3-4. The following day, this Court ordered Plaintiff to file a status report by today, March 20, 2025, stating "whether Defendants produced by March 18, 2025, 'a list of potential opt−in plaintiffs' names; last−known mailing addresses, telephone numbers, and email addresses; and dates of employment,' (R. 39 at 5), and whether Plaintiff's second motion for sanctions (R. 45), can be denied as moot." ECF No. 53.

1

On March 18, 2025, Defendants' counsel sent Plaintiffs' counsel an email containing the court-ordered contact information for collective members. Accordingly, Defendants have complied with the portions of the Court's orders requiring them to produce the collective members' email addresses and phone numbers by that date.

Next Steps in the Instant Litigation

With Plaintiffs now in possession of the class contact information, they plan to proceed as follows:

1. By March 28, 2025, Plaintiffs will send the Court-approved notice via U.S. Mail, email, and text message in both English and Spanish.

2. By May 12, 2025, Plaintiffs will send a reminder notice via the same methods to non-responding potential class members.

3. By April 4, 2025, Plaintiffs will file a motion for attorneys' fees and a fee petition for fees incurred in filing their Motions for Sanctions, based on the Court's civil contempt finding against the individual Defendants.

4. To the extent any putative class members opt into the lawsuit, but are time-barred as a result of Defendants' refusal to provide the court-ordered information, Plaintiff intends to move for their inclusion based on principles of equitable tolling.

5. Following the conclusion of the opt-in period, Plaintiffs intend to move for final collective certification of the opt-in collective.

The Necessity of Ruling on Plaintiffs' Second Motion for Sanctions

In their Second Motion for Sanctions, Plaintiffs argued: "Plaintiffs move this Court to enforce its prior orders, as well as to hold Defendants in civil contempt for failing to comply with the Court's directives, including the January 8, 2025, Order granting conditional certification and the subsequent deadlines imposed therein. ECF No. 39." ECF No. 45, p. 4.

Plaintiffs note that the Court's Report and Recommendations did not address their request to compel Defendants' compliance with written discovery. Whether a ruling on the Second Motion for Sanctions is necessary depends on whether the Court intended to address the motion to compel as part of its prior ruling. If the omission was inadvertent, Plaintiffs seek clarification on whether Defendants are being ordered to produce written discovery responses by a specific date. If the Court can resolve this issue through a minute entry clarifying Defendants' obligations and any applicable deadline, that may eliminate the need for a ruling on the motion, as it would clarify whether Defendants are delinquent in responding to another outstanding order.

Date: March 20, 2025

*/s/ Max P Barack*
PLAINTIFFS' COUNSEL
The Garfinkel Group, LLC
701 N. Milwaukee Avenue
The CIVITAS
Chicago, IL 60642
Max P. Barack
max@garfinkelgroup.com
Haskell Garfinkel

<u>CERTIFICATE OF SERVICE</u>

I, Max Barack, hereby certify that on March 20, 2025, the foregoing was filed electronically. Notice of this filing will be sent to the following individuals by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

|  |  |
|---|---|
|  | <u>*/s/ Max Barack*</u> |
| The Garfinkel Group, LLC | One of the Plaintiffs' Attorneys |
| (Lead Attorney) Max Barack |  |
| max@garfinkelgroup.com |  |
| 701 N. Milwaukee Avenue, The CIVITAS |  |
| Chicago, IL 60642 |  |
| (312) 736-7991 |  |